[No. 9717.   Department Two.—August 29, 1885.]

## CITY OF LOS ANGELES, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY, Appellant.

Taxation—Municipal Grant—License Tax.—The grant by the city of Los Angeles to the defendant of the right to maintain and operate its road within the city limits, *held*, not to exempt it from the payment of the license tax imposed upon steam railroads carrying on their business within the city.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Glassell, Smith & Patton,* for Appellant.

The ordinance imposing the license upon the defendant is in contravention of the terms of the contract between it and the plaintiff, and therefore void. (Const. U. S. art i. § 9; *City of Los Angeles* v. *Los Angeles City Water Co.* 61 Cal. 65; *Mayor etc.* v. *Second Ave. R. R. Co.* 32 N. Y. 261; *Mayor etc.* v. *Third Ave. Co.* 33 N. Y. 42; *State* v. *Mayor,* 33 N. J. L. 282; *North Hudson R. R. Co.* v. *Hoboken,* 41 N. J. L. 78; *Youngblood* v. *Sexton,* 32 Mich. 406.)

LXVII. Cal.—28.

*J. W. McKinley,* for Respondent.

The grant of the right of way and other property in the city of Los Angeles did not exempt the defendant from the license tax. (*Frankford R. R. Co.* v. *Philadelphia,* 58 Pa. St. 119; *San Jose* v. *S. J. & C. R. R. Co.* 53 Cal. 476.)   The intention to exempt from such taxation must clearly appear, and will not be inferred. (*Second Municipality of N. O.* v. *N. O. R. R. Co.* 10 Rob. (N. Y.) 1; *Pacific R. R. Co.* v. *Cass Co.* 53 Mo. 27; *Orange & A. R. R. Co.* v. *Alexandria,* 17 Gratt. 182; *Erie Ry. Co.* v. *Commonw.* 66 Pa. St. 86; *B. & O. R. R. Co.* v. *Supervisors,* 8 W. Va. 331.)

SEARLS, C.—This action was brought to recover $1,220 alleged to be due for license tax.   Plaintiff had judgment. Appellant does not  here challenge the authority of plaintiff to provide by ordinance for the collection of a license tax upon business and  occupations carried on within the corporate limits of the city of Los Angeles, including such license tax, "for every steam railroad company having depot in said city."

The validity of the ordinance upon which this action is founded was passed upon in the case of *City of Los Angeles* v. *Southern Pacific Railroad Company,* 61 Cal. 59.

The points made here, and which, it is claimed, were not involved in the case quoted above, are:—

1.  That by virtue of an ordinance of the city of Los Angeles, approved October 24, 1872, an ordinance of the board of supervisors of Los Angeles County, and an agreement of defendant therein referred to, and certain other ordinances relating to the same subject-matter, a contract between the parties, plaintiff and defendant, was created, by the express terms of which it became the duty and right of defendant to establish its depot, and to maintain and operate its railroad in and through the city, and that the subsequent deed and ordinances of the city relating thereto constituted an express grant to the defendant of the right to maintain its depot and operate its road without any further license from the city.

2.  That the ordinance imposing a license upon the defendant is in contravention of the terms of this contract, and impairs its obligation, and is therefore void as against defendant.

From a review of the findings of the court below, and of the evidence upon which those findings are based, we conclude the city of Los Angeles and the county of Los Angeles were alike desirous that the defendant corporation should construct its railroad through the county, and locate its depot and shops within the city limits, and that as an inducement thereto they and each of them were willing to make, and did make concessions in the way of bonds and stock, and that the plaintiff granted certain lands needed by the corporation defendant, and granted to it free "any and all right of way which said Southern Pacific Railroad Company may require in entering, passing through and leaving the said city with the main trunk line, be secured to them free of any claim for damages or other compensation."

The court below finds that "the plaintiff, for a valuable consideration rendered by the defendant, granted to the defendant the right to construct its road, depots, workshops, in said city, and to operate the same and to carry on its business connected with said road and depots in said city; but by virtue of said ordinances and contract the defendant has not the free nor unrestricted right to operate its said roads, depots or workshops, or carry on its said business within said city, free from any tax, license, or other impositions from said city."

This further fact is found: "The court further finds that there was no consideration paid or contracted to be paid by the defendant to the county or city, or either of them, to the plaintiff for exemption from taxation."

If there is anything in the evidence which can be said to militate against the two findings above set out, it must be found in the ordinance which provides that, in consideration of the benefits and advantages conferred upon and derived by the city by the location of the passenger and freight depots for the Los Angeles City station of the main trunk line of the Southern Pacific Railroad within said city, etc., the city assigns certain stock to the defendant, and at the same time provides that the defendant shall not, as a consideration for such stock, be required to locate and build its depots and run the road to the same unless there shall be deeded to the company certain lands for depot purposes, and certain other land for workshops and other buildings.

Or in the ordinance approved July 26, 1873, entitled :—

"An ordinance providing a free right of way for the Southern Pacific Railroad through the city of Los Angeles."

The ordinance, after reciting that by a certain ordinance passed October 24, 1872, the city was obligated to give to defendant a free right of way through the city for its road, and that the defendant had selected certain streets, proceeds to set apart and dedicate to the unreserved and unrestricted use of defendant such streets, for a right of way, and to grant to defendant the right of way over the same, for the uses and purposes of its road, etc.

We fail to find in this testimony anything in conflict with the facts as found by the court.

The city was the owner, as we suppose, of certain lands and personal property, which it was willing to convey to defendant, provided it would build its road through the city, and build its depot and workshops therein, and the former was also willing, as a further inducement, to grant a right of way through the city to defendant for its road, free from all expense or damage.

It does not follow that the business of the defendant, when established and prosecuted, or its property, were to be free from the burdens of taxation or exempt from such license tax as might lawfully be imposed upon other persons owning like property and using it in like manner.

There was a contract between plaintiff and defendant. It related to the manner of acquiring certain property and easements.

It did not, however, confer upon the grantee any rights, privileges, exemptions, or immunities in the ownership or use of the property to which it would not have been entitled, had it purchased the same property, at private sale from an ordinary citizen, or condemned and paid for it, under the right of eminent domain.

The case of *The City of Los Angeles* v. *The Los Angeles Water Company,* 61 Cal. 65, is not in point.

There the plaintiff entered into an agreement with the predecessors in interest of the defendant, by which for an annual rent reserved and other considerations, defendant, the holder of a lease of plaintiff's water-works as assignee, had **a right to sell**

and distribute water for domestic purposes, and to receive the rents and profits to its own use.

The right to sell water and carry on the business of selling and distributing water for profit was granted by plaintiff, and an ordinance imposing a license tax upon all persons vending water for domestic purposes was held invalid against defendant upon the ground that plaintiff, under its contract, had already reserved a sum to be paid by defendant for the privilege of vending water for domestic purposes, and could not, during the term of the lease, increase the amount to be paid for the privilege granted.

The present case differs from that in this—there plaintiff had received a consideration for a *privilege granted*—here no privilege had been granted to carry on a business, and no compensation had been received for any such grant.

Plaintiff had granted a right of way and conveyed certain property, as any private owner of such property might have done, nothing more.

This did not, as we think, constitute such an express grant to defendants of the right to operate its road as to exclude it from liability to a license tax in common with others engaged in a like pursuit.

It follows that the ordinance imposing a license upon defendant is not obnoxious to the charge of being in violation of a contract.

By this reasoning we do not mean to imply that it is in the power of a municipal corporation, by a contract concerning its property, to divest itself of any of its governmental functions.

We are of opinion the judgment and order appealed from should be affirmed.

Foote, C., and Belcher, C. C., concurred.

The Court—For the reasons given in the foregoing opinion the judgment and order are affirmed.