THE STATE, THE MAYOR, &c., OF NEWARK, PROSECUTORS, v. THE INHABITANTS OF THE TOWNSHIP OF VERONA, IN THE COUNTY OF ESSEX, ET AL.

Lands in the township of Verona, purchased and held by the city of Newark for the purposes of the "Newark City Home," being reasonably necessary for the proper seclusion and employment of the boys committed to it, are not taxable.

On *certiorari.*

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutors, *Sherrerd Depue* and *Chandler W. Riker.*

For the defendants, *Alfred S. Badgley.*

The opinion of the court was delivered by

VAN SYCKEL, J.　The controversy in this case relates to the taxes assessed by the township of Verona, for the years 1893, 1894 and 1895, upon property of the city of Newark situated in said township.　The city of Newark claims that the lands upon which these taxes are imposed are exempt by law from taxation.

These lands were purchased by the city of Newark, and are held for the purposes of the "Newark City Home."

The "Home" was established under the name of the Newark Reform School, by a supplement to the city charter

(*Pamph. L.* 1870, *p.* 242), for the reformation of boys under sixteen years of age. Boys who are vagrants or who have committed certain specified offences may be committed to the said institution.

The city has power to purchase and hold land anywhere within the county of Essex of sufficient area for the proper seclusion and employment of the boys, and to erect suitable buildings thereon. *Pamph. L.* 1873, *p.* 295.

By an act passed in 1874 the name of the institution was changed to "The Newark City Home." *Pamph. L., p.* 304.

It is conceded that a portion of these lands is held for public purposes, as the taxes are not imposed upon the entire property, but only upon the parts thereof west of Fairview avenue and east of Gould's lane.

By section 5 of a supplement to the General Tax law, approved April 11th, 1866 (*Gen. Stat., p.* 3320, § 200), it is provided that the property of the counties, townships, cities and boroughs of the state shall be exempt from taxation.

Even in the absence of an express provision exempting the property of the state and its political subdivisions from taxation, such property is, by implication, excluded from the operation of laws imposing taxation, unless there is a clear expression of intention to include it. *Trustees* v. *City of Trenton*, 3 *Stew. Eq.* 667.

In *State* v. *Gaffney, Collector,* 5 *Vroom* 131, it was declared by this court that, under a provision exempting from taxation lands held by Jersey City for the construction of water works, real estate was exempt, although not in actual use for such purpose, if it was not held for speculation and was reasonably necessary to meet the increased and growing demand for water.

In exemptions to railroad corporations, which are more strictly interpreted than those in favor of municipal corporations, the word "necessary" does not mean "indispensable," but embraces all things suitable and proper for carrying into execution the granted powers. *State* v. *Hancock,* 6 *Vroom* 537.

The entire tract owned by the city of Newark consists of

one hundred and three acres, of which forty-four acres have been assessed by the township of Verona.

The number of inmates in the "Home" has increased from one hundred and thirty, in 1880, to two hundred and fifty-eight, in 1894.

The case shows that these boys are employed in clearing up and cultivating these lands, and that the whole tract is necessary, in a legal sense, to the successful maintenance and operation of the institution, and in a short time they will be indispensably necessary if the number of inmates continue to increase in the ratio of the past.

The fact that the garden products raised upon the premises in one year were more than sufficient for the supply of the "Home," and that the city sold such excess to the amount of about $100, does not affect the right to exemption. The lands are not held or used for the purpose of raising products for sale; the city cannot lawfully engage in the business of farming for profit, nor claim exemption for lands so used; that is not a public purpose. In this case the excess of production is merely incidental, and therefore cannot impair the rights of the city in any respect.

The case of *Newark* v. *Township of Clinton,* 20 *Vroom* 370, is relied upon to sustain the assessment.

Upon the facts as they appeared in that case an assessment was properly imposed upon part of the lands of the city. The court found from the evidence in the case that only two acres had been practically set apart for burial of the dead, only one-half of which, up to the time of the assessment, a period of over ten years, had been used for that purpose. The remainder of the premises was used so as to derive pecuniary profit to the city therefrom.

It must be remarked also, with reference to this case, that the exemption was put by the court upon that provision in the tax laws relating to cemeteries and not upon the clause exempting municipal property. Cemeteries owned by churches and private corporations are included in the former provision.

The claim to exemption in this case may be rested upon a

rule no more liberal than that applied to a railroad corporation in *State* v. *Haight, Receiver,* 6 *Vroom* 40. There, where the railroad had not been completed, the immunity was extended to property not actually used for other purposes, which had been acquired as the means of carrying into effect the objects of the charter, and which was fairly within the plan of the work and necessary for the business of the company when its road was finished. To the like effect is *United New Jersey Railroad Co.* v. *Jersey City,* 28 *Vroom* 563.

The entire tract of land acquired by the city for the "Home" is now actually used, and is reasonably necessary for the proper seclusion and employment of the boys committed to it. It is probable that the increased number of inmates will, in the near future, tax this property to its utmost capacity to subserve the purposes for which the institution was created.

In our opinion, therefore, no part of the lands should be the subject of taxation. The assessments are set aside.