## THE STATE, THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CAMDEN, PROSECUTOR, v. WILLIAM COLLINS, COLLECTOR OF THE TOWNSHIP OF WASHINGTON, IN THE COUNTY OF GLOUCESTER.

Property of a county held for public use outside the county territory, although acquired without specific authority of law, is nevertheless, by the statute, exempted from taxation.

On *certiorari.* Matter of taxation.

Argued at February Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Henry S. Scovel.*

For the defendant, *Austin H. Swackhamer.*

The opinion of the court was delivered by

COLLINS, J. In 1890 the poor farm of the county of Camden, lying along the boundary line of the county of Gloucester, was enlarged by the purchase of one hundred and

fifty-nine acres of adjoining land in the township of Washington, in the county last named. At that time farms were taxable only where the owner resided, and no attempt was made to tax this land. On March 28th, 1895, the legislature enacted that each part of a farm divided by a county line should be taxed where situate (*Gen. Stat.*, *p.* 3455, *pl.* 818), and thereupon the assessor of Washington township assessed said one hundred and fifty-nine acres. The tax levied thereon is now before this court for review.

The prosecutor resists the tax, claiming exemption under the General Tax law. *Gen. Stat.*, *p.* 3320, *pl.* 200. That statute provides that "the following * * * property shall be exempt from taxation, namely, * * * the property of the counties, townships, cities and boroughs of this state." The defendant contends that this broad language must be limited by conditioning the exemption upon lawful ownership and public use.

As to the first of these supposed conditions the prosecutor points to the general power of counties conferred by law to hold real and personal estate. *Gen. Stat.*, *p.* 410, § 2. This too, is general in terms, but the defendant contends that an extra-territorial holding, to be lawful, must have a specific warrant. Such is the opinion of most text writers, with reservations based on necessity. The adjudged cases are collected in 15 *Am. & Eng. Encycl. L.*, *p.* 1060. On the other hand, it is well settled that only the state, in a direct proceeding, can attack a title alleged to be unlawfully held by one of its political divisions. 2 *Dill. Mun. Corp.* (*4th ed.*), § 574 (444), and cases cited; *Chambers* v. *St. Louis*, 29 *Mo.* 543, 577.

Hence, the statutes to which we have been referred, authorizing a poorhouse at such place *in the county* as the chosen freeholders shall appoint (*Gen. Stat.*, *p.* 413, § 30), and restricting an addition to a county farm to thirty acres, however useful they might be in a direct proceeding instituted by the state, have no applicability to the present controversy.

It surely cannot be that the right to tax property, other-

wise exempt, can depend upon such a defeasibility of title. In the case in hand the property would not become taxable if the state should defeat the county's title. Neither the right to defeat the title nor the land itself when escheated would be taxable, for the property of the state is not subject to taxation. *Trustees* v. *Trenton*, 3 *Stew. Eq.* 667.

Decisions limiting general words of exemption in charters of private corporations to such property as may lawfully be held for charter purposes are not authority for the defendant's contention. In such cases the legal implication is in favor of the power to tax, while, as against municipal corporations, the legal implication is the other way. As to individuals or private corporations there must be express words to exempt; as to public corporations there must be express words to tax. The argument for limitation by lawful ownership is of force against a public corporation only where the exemption itself is implied. Here it is express.

I see no reason why the plain language of the statute, exempting from taxation the property of counties, should by a forced construction be read so as to authorize taxation, upon a determination, reached by collateral inquiry, that the particular land sought to be taxed is held *ultra vires*.

It may be unjust to exempt this property from the burdens of a government whose advantages it shares. That objection applies in a greater or less degree to every exemption, and is one that should be addressed to the legislature, not to the courts.

Upon the other assumed condition of exemption, viz., public use, the defendant strives to sustain the tax levied in this case, upon the ground that the land taxed is not all needed for a poor farm, and to that end has taken affidavits to show sales of farm products. Except for some inferences deducible from decisions of this court, I should say that, under the exempting statute quoted, there can no more be an inquiry into this subject than there can be into the validity of title. But it is not necessary to consider the case from this

point of view, as those decisions themselves would exempt the property in question.

In *State* v. *Gaffney*, 5 *Vroom* 131, land purchased by Jersey City for a reservoir five years before the assessment, but never used, was held to be exempt, there being no indication of abandonment of the purpose to ultimately use it. Mr. Justice Bedle thought it possible that the general law now under consideration would in any case exempt the property, but found it unnecessary to so decide as certain special acts referring to the Jersey City water works sufficed for the purpose on the principle laid down.

In *Newark* v. *Verona Township*, 30 *Vroom* 94, the general law was directly involved. *State* v. *Gaffney, supra,* was followed, and it was held that excess of production from a city's land, above its needs, and the sale of the produce for profit, were merely incidental and would not impair the exemption from taxation given by the statute, even if limited to property devoted to public use.

The only case that seems to assert, or rather to assume, the limitation urged is *Newark* v. *Township of Clinton*, 20 *Vroom* 370; but, as remarked by Mr. Justice Van Syckel, in *Newark* v. *Verona Township, supra,* the case really turned on the exemption of graveyards contained in the act. The question now being discussed was not decided.

The tax under review must be set aside, with costs.