BOARD OF WATER COMMISSIONERS OF DETROIT *v.*
AUDITOR GENERAL.

TAXES—EXEMPTIONS—DETROIT WATER BOARD—LEASED PROPERTY.
The act creating the board of water commissioners of the city
of Detroit (Act No. 90, Laws 1853, as amended) empowers
the board to take and hold such property as may be needful
or convenient for carrying out the purposes of the act, and
to sell and convey or lease the same when required by the
interests of the city. The act further provides that the prop-
erty of the board shall be exempt from all taxes. *Held,*
that property of the board which was formerly used as a
pumping station is exempt, though temporarily leased to a
dry-dock company.

*Mandamus* by the board of water commissioners of
the city of Detroit to compel Roscoe D. Dix, auditor
general, to cancel a certificate of purchase of lands sold for
delinquent taxes. Submitted January 4, 1898. Writ
granted January 18, 1898.

*Charles Flowers* and *Charles D. Joslyn,* for relator.

*Fred A. Maynard,* Attorney General (*H. B. Carpenter*
and *Harris E. Thomas,* of counsel), for respondent.

MONTGOMERY, J. This is a proceeding by *mandamus*
to compel the auditor general to cancel a certificate of sale
of certain lands in the city of Detroit owned by the board
of water commissioners, and which were assessed for the
taxes of 1894. The question involved is whether the lands
were exempt from taxation. The lands are owned by the
board, and were occupied as a pumping station until the
present station was erected. From that time until 1887
the board used the land in question for storage purposes,
when (in 1887), having no immediate use for the same, a
lease was made to the Detroit Dry-Dock Company. The
act creating the board (Act No. 90, Laws 1853, as

amended) empowers the board "to take and hold, by purchase, gift, devise, bequest, or otherwise, such franchises and real and personal property, either within or without the limits of said city, as may be needful or convenient for carrying out the intents and purposes of this act, and to sell and *convey or lease* the same whenever required by the interests of the city." The act further provides: "The property of the board, whether within or without the limits of the city of Detroit, shall be exempt from all taxes and assessments of every kind. No writ of attachment or writ of execution shall be levied upon the property of said board." Charter and Laws of Detroit (1893), chap. 21, § 1.

The counsel for respondent contend that this statute should be construed as exempting only such property of the board as is at the time convenient or necessary for direct use by the board. The argument is that, as taxation is the rule, and exemption the exception, a statute providing for an exemption should receive a strict construction. This is undoubtedly the correct rule. Cooley, Tax'n (2d Ed.), 204. Whether this strict rule should be applied in construing a statute exempting the property of a municipal corporation, we need not, in this case, determine, as we are of the opinion that the legislative intent is made clear by the language employed. The language creating the exemption is in itself broad enough to cover the property in question. The provision relating to exemption from taxation is immediately followed by the exemption of the property from legal process, indicating that the same class of property was in the mind of the legislature; and when it is considered that the board is in the same section given power to lease property owned by it, and that no limitation is placed upon the exemption, the conclusion is irresistible that the exemption is broad enough in terms to cover the property in question.

The writ must issue.

The other Justices concurred.