THE CITY OF PERTH AMBOY, PROSECUTOR, v. EDWARD BARKER, COLLECTOR OF THE TOWNSHIP OF MADISON, IN THE COUNTY OF MIDDLESEX.

Submitted July 5, 1906—Decided November 12, 1906.

1. Under the revised Tax law of 1903 (*Pamph. L.*, p. 395, § 3, ¶ 2), which exempts "the property of the United States and of the State of New Jersey, and of the respective counties, school districts and taxing districts when used for public purposes," property used by a city for the purpose of maintaining and operating a public water-supply system established under statutory authority is exempt from taxation.

2. The exemption clause above quoted is not confined in its effect to property located within the bounds of the municipality that owns it.

3. The right of a city to exemption from taxation upon property used for the purposes of its public water-supply system is not taken away by the fact that sales of surplus water are made to parties outside of the territorial limits of the city, even if such sales be not authorized by law.

---

On *certiorari.*

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutor, *Charles C. Hommann.*

For the respondent, *George S. Silzer.*

The opinion of the court was delivered by

PITNEY, J. The commissioners of appeals of the township of Madison, by a resolution adopted December 28th, 1905,

added to the tax duplicate certain taxes, to be collected from the city of Perth Amboy, upon certain real and personal property owned by the city and situate within the township, described as follows:

1. Ten acres of land (mentioning the bounds thereof), upon which are situate four dwellings, a power-house, sheds and railroad tracks; valued at $28,000.

2. One hundred acres of land (mentioning the bounds thereof), valued at $3,000.

3. "Personal property, including railroad tracks and ties and other personal property," valued at $1,000.

A transcript of this resolution having been furnished by the commissioners to the collector of taxes for his guidance, the prosecutor sued out this writ of *certiorari*, and seeks thereunder to set aside the assessment, on the ground that the property in question was used for public purposes, to wit, for its public water-supply and pumping station, and is therefore exempt from taxation.

Under the former Tax law (*Gen. Stat., p.* 3320, *pl.* 200), an exemption from taxation was extended to "the property of the counties, townships, cities and boroughs of this state." This exemption was independent of the use to which the property was devoted. *Camden County* v. *Washington Township,* 31 *Vroom* 367; *S. C.,* 32 *Id.* 695; *Newark* v. *Bellville, Id.* 455; *Hackettstown* v. *Mount Olive,* 34 *Id.* 191.

By the revised Tax law of 1903 (*Pamph. L., p.* 395, § 3, ¶ 2), the exemption is of "the property of the United States and of the State of New Jersey, and of the respective counties, school districts and taxing districts when used for public purposes."

Testimony has been taken herein to show the purposes for which the property in question was used at the time the assessment was laid.

From this evidence we find that the one-hundred-acre tract was not in fact used for public purposes. It had been purchased for the purpose of providing for an extension of the water-supply system of Perth Amboy, but had not as yet been devoted to that purpose, excepting to a small extent and

temporarily, some time prior to the time in question. This property we hold not to be exempt.

The first tract, called ten acres in the assessment, but comprising in fact only five acres, is that whereon is situate the main pump works of the public water-supply system of Perth Amboy, by means whereof water from a pond nearby, and occasionally the water from certain artesian wells that are located upon another part of the five acres, is driven to the city. This tract we find, as matter of fact, was used for public purposes, if the water works themselves constitute "public purposes," within the meaning of the Tax law. It was used for the maintenance and operation of the water-supply system. The dwellings were and are likewise devoted to the same public purpose, they being occupied by the engineers and other employes engaged upon the water works; the same is true of the power-house and sheds.

It is argued that the "public purposes" contemplated in the Tax law are only governmental purposes, strictly so called, and not such as are carried on for the mere convenience of the people of a municipality or to supply some personal need, such as water, light or the like. This, we think, is too narrow a view of the exemption clause, our opinion being that the furnishing of a general water-supply, when authorized by statute (as admittedly it is in the present case), is authorized because it is a public purpose, and that land held and used for such a purpose is within the exemption. Nor do we see any force in the argument that under the Tax law the exemption only extends to lands located within the bounds of the municipality that owns them. If this were the extent of the exemption it would have a very narrow limit, for so far as the taxes laid by such municipality itself are concerned the exemption would be of no practical benefit; any taxes laid by it upon its own property would be paid out of its own treasury and returned into the same treasury. We think the main purpose of the exemption clause is to exonerate property owned by one municipality or taxing district from taxation at the hands of another of these governmental agencies.

The only remaining question is whether the exemption is forfeited because Perth Amboy sells water to South Amboy and to other private consumers outside of its own territorial limits. This question, we think, must be answered ·in the negative. The sales of water outside of Perth Amboy are merely incidental to the general public purposes for which the water works were established and are being maintained and operated by that city. If the sales to outside parties are not authorized by law, the state may complain through the attorney-general; but in our view such use of the surplus water does not take away the right of Perth Amboy to exemption from taxation upon the property that is used primarily and principally for the public purposes of that city. See *Newark* v. *Verona Township,* 30 *Vroom* 94, 96; *Camden County* v. *Washington Township,* 31 *Id.* 367, 369; *S. C.,* 32 *Id.* 695.

As to the personal property the evidence is somewhat conflicting. Our finding is that it was in use for public purposes. It consisted of some rails, ties and other material for railroad construction that had been brought upon the so-called ten-acre lot for the purpose of building a switch or branch track leading from a main line of railroad nearby. This branch track is a reasonable appendage to the pump works, and, like those works, is devoted to a public purpose. We think the materials deposited upon the ground, presently to be annexed to the realty, were devoted to the public use as clearly as they would be when built into the finished track.

These views lead to an affirmance of the tax upon the one hundred acres, and a reversal of the tax upon the so-called tract of ten acres and upon the personal property.

No costs will be allowed.