CITY OF OSCEOLA, Appellee, v. BOARD OF EQUALIZATION, CLARKE COUNTY et al., Appellants.

**TAXATION:** Municipal Waterworks—Exemption. A municipal reservoir (as part of a city waterworks), consisting of a lake 10 acres in area, and of some 75 acres of surrounding land, seeded down to prevent erosion of soil into the lake, is exempt from taxation, even though the city does, *incidentally*, collect rental from the latter land.

*Appeal from Clarke District Court.*—P. C. WINTERS, Judge.

FEBRUARY 16, 1920.

SUIT in equity by the plaintiff city against the township trustees of Osceola Township as a board of equalization. The purpose of the suit was to adjudicate the question of exemption from taxation of certain real estate owned by the municipality, and to cancel an alleged assessment thereon. There was a decree granting the relief prayed, and defendant appeals.—*Affirmed.*

*J. B. Dyer,* County Attorney, for appellants.

*O. M. Slaymaker,* for appellee.

EVANS, J.—The plaintiff is a city of the second class. It has constructed a system of waterworks, at an expense of about $100,000. The source of water supply is an artificial lake, which it has constructed upon land acquired by it, and which is contiguous to the city, but outside of the corporation. The lake proper covers an area of less than 10 acres. When first constructed, there was no attempt by the city to control the watershed, though surface water constitutes the only source of supply to the lake. The surface of the land surrounding the lake is quite rough, and the soil thereof, when cultivated, washes rapidly. The result of the first experiment was that the wash of the soil soon filled the lake. It was then determined to acquire a larger acreage of watershed, and to protect it against washing by withdrawing it from cultivation and seeding it to grass. The total acreage finally acquired by the city, largely by condemnation, was 76 acres, all of which was withdrawn from cultivation and seeded down. Manifestly, even grass must have attention, and must be either cut or pastured, in order to develop the condition of sod desired by the municipality for its purpose. Some of this land, therefore, was devoted to pas-

ture, and rents were collected for such pasture to a total amount of less than $100 a year. Because of the collection of such rents, the defendant board contended that this land outside of the area of the lake itself is subject to taxation, and it has assessed the land accordingly; whereas the plaintiff claims that such land is exempt from taxation, under the express provision of Section 1304 of the Code, which is as follows:

"The property of the United States and this state, including university, agricultural college and school lands; the property of a county, township, city, town or school district or militia company, when devoted entirely to public use and not held for pecuniary profit; * * *"

The only question presented to us is whether, under the facts here stated, this land should be deemed exempt from taxation under this statute.

We see little, if any, room for argument to the contrary. Clearly, this land was acquired for public use, and not for pecuniary profit. It is just as clear that it is not now held for pecuniary profit, and that it is fully devoted to the public use for which it was acquired. We have not heretofore passed directly upon the question here presented, but authority is abundant from other jurisdictions. *City of Colorado Springs v. Board of County Com.*, 36 Colo. 231 (84 Pac. 1113); *Town of West Hartford v. Board of Water Com.*, 44 Conn. 360; *Board of County Com. v. City of Wellington*, 66 Kan. 590 (72 Pac. 216); *Ryan, etc., v. City of Louisville*, 133 Ky. 714 (118 S. W. 992); *Miller v. City of Fitchburg*, 180 Mass. 32 (61 N. E. 277); *Board of Water Com. v. Auditor General*, 115 Mich. 546 (73 N. W. 801); *City of Perth Amboy v. Barker*, 74 N. J. L. 127 (65 Atl. 201); *Smith v. Nashville*, 88 Tenn. 464 (12 S. W. 924); *Stiles v. Village of Newport*, 76 Vt. 154 (56 Atl. 662); *State Water Com. v. Gaffney*, 34 N. J. L. 131; *State, etc., v. Collins*, 60 N. J. L.

367 ·(37 Atl. 623) ; *State, etc., v. Inhabitants of Verona Twp.,* 59 N. J. L. 94 (34 Atl. 1060).

The fact that a charge is made for a use of the property which is consistent with and incidental to the public use does not change the exemption character of such property. The public use of municipal property frequently, if not usually, involves the collection of rents and rates; water rates from consumers; tuition from school children; reasonable value of support from inmates in poor farm and asylum. These things are all incident to the just and economic administration of a public institution. We think that the collection by the city of the rental in question was a mere incident of the public use and of the maintenance of the public property; that it was necessarily absorbed in the expense of maintenance, and in that sense reduced such expense. It was the clear duty of the officers of the municipality to avail itself of all reasonable methods to reduce such expense of maintenance. The collection of such rent, therefore, as an incident to the maintenance, did not imply a pecuniary profit, but only a just and economical way of meeting, to· that extent, the current expense of operation and maintenance of the institution.

We are clear that the trial court properly granted the relief prayed, and its decree is, accordingly,—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.