[File No. 6207.]

OTTER TAIL POWER COMPANY, a Corporation, Appellant, v. CATHERYN DEGNAN, Treasurer of the County of Ramsey, State of North Dakota, Respondent.

(252 N. W. 619.)

414

Opinion filed January 15, 1934.   Rehearing denied February 16, 1934.

*Field & Field* and *Traynor & Traynor,* for appellant.

*Sinness & Duffy* and *Romanus J. Downey* (*F. T. Cuthbert* and *S. W. Thompson* on brief), for respondent.

BURR, Ch. J. The plaintiff is a foreign corporation and says: it is engaged "in the general business of the generation, transmission, and sale of electric energy for public and private use, and, as a part of such business is engaged therein in the City of Devils Lake," in Ramsey county; that "the operative properties of the plaintiff . . . were assessed for the taxing year of 1931 by the State Tax Commissioner and the State Board of Equalization, and such assessment of said operative properties therein was certified from the office of the State Tax Commissioner to the county auditor of Ramsey county and was by the said county auditor claimed to be extended upon the assessment and tax records of the county of Ramsey;" that there was included in this assessment one item of property described as: "Office structure located on Lots 21, 22, 23 and 24, Block 19, O. P.;" that the assessment of the operative properties and the tax levied and extended thereon were determined, levied, and extended in one lump sum and the records do not disclose how much of such assessment thereof or the tax levied is properly referable to the item of property so described; that the defendant is the treasurer of Ramsey county and collected from the plaintiff $10,293.69—the total tax levied on the operative properties of the plaintiff in Ramsey county, including the item of real estate described—that such property is owned in fee simple by the City of

Devils Lake, a municipal corporation, and is exempt from taxation; that under protest in writing, to the effect that the lots described are exempt from taxation and should not be included in the assessment of plaintiff's property, and that the tax is illegal and without waiving any of its rights, the plaintiff paid the amount of tax demanded, brings this action to recover from the county the amount of excessive tax collected and asks the court to determine the proper amount of the total tax "levied and assessed against the operative properties of the plaintiff . . . which is referable to and represents and is a tax levied and extended upon the said item of property particularly described above."

The defendant alleges that this specific property described "including the office structure and the portion of the lots necessary for the use thereof is now and for more than six years last past has been used and occupied by the plaintiff herein for private business purposes, and that such property has not been used or occupied by the city of Devils Lake for governmental or municipal purposes;" that this property, though owned by the city of Devils Lake, has been used and occupied by the plaintiff pursuant to the terms and conditions of Ordinance No. 215 of the city of Devils Lake which ordinance grants to the plaintiff the "right and privilege to use the brick building belonging to the said city of Devils Lake and situated upon Lots Twenty-two, Twenty-three, and Twenty-four of Block Nineteen—together with its appurtenances, and so much of the said premises as may be reasonably needed for its convenient use during a term commencing upon the approval of this ordinance and terminating on the 26th day of July, 1942, for the purpose of housing and maintaining its pumping equipment and water works plant and of housing its telephone exchange, and for the use and occupation of its office force;" that the city ordinance also provides that the plaintiff is to "keep and maintain the said building insured for its insurable value in a good and responsible insurance company, making said insurance payable to the city of Devils Lake, and shall pay all taxes, special assessments, including paying taxes and sidewalk taxes, and all other charges that have heretofore or may hereafter during the said term be assessed upon or levied against the aforesaid Lots Twenty-one, Twenty-two, Twenty-three, and Twenty-four of Block Nineteen of the city of Devils Lake, or upon any buildings or improvements

thereon situated;" that the contract contained in such ordinance was accepted by the plaintiff and it is under the provisions and conditions of this ordinance that plaintiff occupies the property.

The case was tried without a jury. The court made findings of fact, and conclusions of law in favor of defendant and ordered the dismissal of the action. From the judgment entered plaintiff appeals.

The contention of the appellant is "that the exact tax that is questioned here is a tax assessed and levied against the whole or fee title to this property, including the reversionary and fee interest of the city of Devils Lake, and is not limited to the 'value of the use of' or the 'leasehold interest of' the appellant."

The testimony shows that the operative property of the appellant in Ramsey county, as assessed by the tax commissioner and the state board of equalization, is valued at $298,173.00 as a lump assessment and that in this amount is included the sum of $7,000.00 as the assessment on the property involved, being assessment at the rate of one hundred per cent. of its value. For taxable purposes this is reduced to seventy-five per cent. and it is admitted in the case that if the tax levied is prorated on all classes of property assessed the tax upon the property involved would be $241.66.

It is not claimed the lots were assessed to appellant, nor the well, well property, water mains, or any of the water equipment upon the premises described, as these belonged to and were retained by the city of Devils Lake. As we construe the entire record it is clear to us the intent was to assess the entire operative property of the appellant, and, though in itemizing the property is described as lots 22, 23 and 24, the assessment is merely upon the structure used by the plaintiff and it is stipulated that the plaintiff is using these buildings for housing its equipment and for office purposes.

It is the contention of the plaintiff that this property, being owned by the municipality, is exempt from taxation even though not used for municipal or governmental purposes; that the tax is in fact a tax on the whole or fee title and cannot be assessed and levied against a lessee of the municipal property; that the finding that the leasehold interest of the appellant is substantially equal to the ownership of the fee, and that the value of such leasehold interest is substantially

the same as the actual present value of said property is improperly injected into the case, and in any event cannot be sustained; that the provisions of the lease do not require the payment of the taxes in dispute; that the statute does not prevent plaintiff "from suing for a refundment of this tax;" and that its claims "with reference to the tax in question go or pertain to the merits or the substantial justice of the tax."

With reference to the first contention, we note that § 176 of the state constitution, as amended, says:

"The property of the United States and of the state, county and municipal corporations . . . shall be exempt from taxation. . . ." It does not say property *used* by the municipality, but property *of* the municipality. In this case ownership is the test of exemption. State v. Burleigh County, 55 N. D. 1, 16, 212 N. W. 217 has no application here. Hence so far as the property of the municipality is concerned it is not taxable. See also San Francisco v. McGovern, 28 Cal. App. 491, 152 P. 980, 984. It is not necessary to discuss the cases which turn upon the use to which the property is put as they are not applicable to the situation here.

A proper construction of the record shows it is not the intent to levy a tax upon the fee. The appellant has the use of the building under the ordinance. No rent for the use is reserved and under the provisions of the ordinance the appellant is "authorized to construct and remove partitions and to make such other changes in the interior of said building as may be necessary or convenient for their use thereof, provided that such alterations shall not materially damage the said building." The appellant is "granted the right and privilege to use the building."

Section 2078 of the Compiled Laws says: "Real property, for the purpose of taxation, includes the land itself, whether laid out in town lots or otherwise, and, except as otherwise provided, all buildings, structures and improvements (except plowing and trees thereon) and all rights and privileges thereto belonging or in any wise appertaining, and all mines, minerals, quarries in and under the same."

Certainly the plaintiff has "rights and privileges" appertaining to this particular real estate and to the buildings. The Supreme Court of Washington had occasion to construe a similar statute in the light of

a constitutional provision practically identical with ours. The Constitution of Washington says:

"The property of the United States and of the state, counties, school districts and other municipal corporations, shall be exempt from taxation."

It will be noted the exemption is as broad as the constitutional exemption with us.

But the statutes of Washington define real estate for the purpose of taxation, as follows:

"Real property for the purpose of taxation shall be construed to include the land itself whether laid out in town lots or otherwise, and all buildings, structures, improvements or other fixtures of whatsoever kind thereon, and all rights and privileges thereto belonging, or in anywise appertaining." In Moeller v. Gormley, 44 Wash. 465, 87 P. 507, the court, taking into consideration the constitutional and statutory provisions quoted, hold that "where a lease is given by the state to an individual or private corporation, the lessee's rights and privileges are subject to taxation, and are not exempt under Const. art. 7, § 2 which exempts from taxation all property of the state." .This court holds that such "leasehold should be assessed as real estate and not as personal property."

In subd. 10, § 1, chap. 291, Session Laws of 1931 it is stated: "The term 'operative property' means any and all property reasonably necessary for use by said companies exclusively in the operation and conduct of the particular kinds of business enumerated herein." The statute is dealing with the assessment of public utility companies. The buildings of the municipality involved are used and are reasonably necessary for use by the appellant in the operation and conduct of its business and therefore such use and possession must be considered part of the "operative property" of the company.

Section 9 of the chapter requires the tax commissioner in determining the value of the property of appellant, to "take into consideration . . . the value of the franchises, rights and privileges granted under the laws of this state." In defining "operative property" the law says, any property "held by any company under a rental lease shall be assessed . . . in the name of such company if any agreement in

writing . . . is filed . . . requesting that such leased property be so assessed."

Under the ordinance the appellant has the use and control of these buildings until 1942, without rent, and with an obligation to pay such taxes as may be levied.

In Ex parte Gaines (Garland County v. Gaines) 56 Ark. 227, 19 S. W. 602, it is held "that the interest of a lessee in lands leased from the United States is not exempt from assessment for taxation," and further that such interest acquired by the lease was property. To the same effect is Outer Harbor Dock & Wharf Co. v. Los Angeles, 49 Cal. App. 120, 193 P. 137; Carrington v. People, 195 Ill. 484, 63 N. E. 163; State ex rel. Sioux County v. Tucker, 38 Neb. 56, 56 N. W. 718. In this latter case the court held that "school lands sold by the state, but to which the equitable title of the purchaser has not been completed by full payment of the purchase money, are subject to taxation to the extent of the purchaser's interest therein."

This latter holding is based upon the broad general principle that "exemptions no matter how meritorious, are of grace, and must be strictly construed;" and "the constitution and the statutes based thereunder contemplate the taxation of all property not specifically exempted." It is true there was also a statute in Nebraska specifically providing for the taxation of the purchaser's interest in school lands, similar to one in this state, but the court holds that independent of such statute such interest is taxable. If leasehold and possessory interests are taxable as rights and privileges appertaining to the real estate we see no reason why the right to the use of the building involved herein is not also taxable. Such an eminent authority as Cooley in his work on taxation (Cooley, Taxn. 3d ed. p. 635) says: "It is entirely competent to provide for the assessment of any mere possessory right in lands whether they are owned by the government or by private individuals."

In Los Angeles v. Southern P. R. Co. 67 Cal. 433, 436, 7 Pac. 819, the railroad had been granted by ordinance a right of way over certain streets and given the "unreserved and unrestricted use of . . . such streets for a right of way . . . for the uses and purposes of its roads, etc. . . ." The court said, however, "It does not follow that the business of the defendant . . . or its property were to be free from the burden of taxation or exempt from such license tax as might

lawfully be imposed upon other persons owning like property and using it in like manner." The court said further, that the ordinance of the city of Los Angeles granting the use of certain municipal property "did not confer on the grantee any rights, privileges, exemptions or immunities in the ownership or use of the property to which it would not have been entitled, had it purchased the same property at private sale from an ordinary citizen or condemned or paid for it, under the right of eminent domain." Because the plaintiff was granted by ordinance the use of municipal property does not exempt it from taxation of that use.

In Los Angeles v. Los Angeles City Waterworks Co. 49 Cal. 638, we find the city had entered into a contract with the corporation granting to the corporation the use and possession of property owned by the city, to wit: "Water and all reservoirs and pipes connected therewith for supplying its inhabitants with pure water," and the corporation had this use for a term of years with the right to lay additional pipes and to sell the water and to enjoy for its own use the rents and profits of the property. The court held that the company had such an interest in the waterworks as was a subject of taxation and even though the city agreed that the waterworks company should bear "all expenses on account of the water works, except state, city and county taxes it does not exempt the property from taxation on behalf of the city."

Even if we thought the use and possession of this building be based upon a lease this does not prevent the use from being taxable, or included in the property of the appellant subject to taxation. In Hammond Lumber Co. v. Los Angeles County, 104 Cal. App. 235, 285 Pac. 896, 898, where the plaintiff had leased property from the state and the property of the state was exempt from taxation, the court held "the usufructuary interest alone is subject to taxation in proportion to its value, and in the absence of an agreement to the contrary the tax necessarily falls upon the lessee."

The case of San Pedro, L. A. & S. L. R. Co. v. Los Angeles, 167 Cal. 425, 139 Pac. 1071, 52 L.R.A.(N.S.) 991, held that a leasehold interest is not property for the purpose of taxation even though the fee is owned by the state and hence is not taxable but this case was expressly overruled in 180 Cal. 18, 179 Pac. 393, and thus the decisions of California brought into harmony.

It is true the fee is in the municipality. It was at the time of the adoption of the ordinance and the acceptance of the conditions therein and it has been ever since. The retention of the fee in the city was in the contemplation of the parties. Nevertheless the parties agreed that the plaintiff "shall pay all taxes, special assessments, including paving taxes, and sidewalk taxes and all other charges that may have heretofore or may hereafter . . . be assessed upon or levied against the aforesaid lots, etc." The state does not tax the fee nor the owner of the fee. In the language of the Supreme Court of the United States in Jetton v. University of the South, 208 U. S. 489, 498, 52 L. Ed. 584, 588, 28 S. Ct. 375, "It taxes what it had a right to tax, a separate and distinct interest in the land." Because there is an exemption from taxation granted to the owner of the fee this "does not extend to an exemption from taxation of an interest in the same land, granted by the owner of the fee to another person as a lessee for a term of years. The two interests are totally distinct and the exemption of one from taxation plainly does not thereby exempt the other." Jetton v. University of the South, supra. The exemption from taxation is to fulfill a governmental purpose in the city but where there is a right in that property held by a private individual this right is taxable when exercised for private advantage. See Susquehanna Power Co. v. State Tax Commission, 283 U. S. 291, 294, 75 L. Ed. 1042, 1046, 51 S. Ct. 434. As shown in this case the principle is aimed at the protection of the operation of government and does not extend to anything lying outside or beyond governmental functions and their operations and it does not exist where no direct burden is laid upon the governmental instrumentality, and there is only a remote if any influence upon the exercise of the functions of government.

That the use of this property for the purpose specified in the ordinance is a valuable right in the plaintiff, must be admitted. Taxation is not so much concerned with the refinement of title as it is with the actual command over the property taxed—the actual benefit for which the tax is paid. See Burnet v. Guggenheim, 288 U. S. 280, 77 L. Ed. 748, 53 S. Ct. 369, and cases cited.

An exemption from taxation is personal and before it can be said the statute intended the exemption to pass with the lease there must be clear and explicit statutory provisions therefor.

Exemption from taxation does not descend to the lessee. Wright v. Central of Georgia R. Co. 146 Ga. 406, 91 S. E. 471.

Appellant cites the cases of Oakland v. Albers Bros. Mill. Co. 43 Cal. App. 191, 184 P. 868; Water Comrs. v. Auditor Gen. 115 Mich. 546, 73 N. W. 801; People ex rel. International Nav. Co. v. Barker, 153 N. Y. 98, 47 N. E. 46, in support of the contention "that where the tax is not confined to the leasehold interest of the lessee, but is against the fee of the land or structures (as the case may be), the tax is invalid, because the taxing authorities have not taxed the value of the use of the lessee, but have included the fee title."

These cases however are not applicable to the case at bar. In the former case there was only one question involved—were the improvements made upon the property subject to taxation? The improvements were the property of the city immediately upon being erected, and it was not the "use" by Albers Bros. that was assessed but the improvements that were erected. The city sought to tax the improvements as the property of Albers Bros. but the property was never the property of Albers Bros.

In the Michigan case the land taxed was the property of the municipality exempt from taxation despite lack of use for municipal purposes, and had been sold for taxes. The question of taxation of the "use" by the lessee was not involved.

In the New York case there was a dispute as to whether the improvements sought to be taxed belonged to the city, or to the lessee. The court divided on this point—the majority holding the improvements belonged to the city and therefore should not have been assessed against the lessee, not being its property. Here again the question of "use" was not involved.

Appellant insists however that the record shows the "assessments here questioned and the tax levied thereon, are upon the whole or fee title to this property."

We do not so construe the record. It is true that in describing the property held and used by the appellant the tax commissioners certified the property by its description; but it is clear that what was intended by the assessment was to show all of the operative property held and used by the company in its business. It certainly used this building for headquarters and office and there was some value in this use

but there is no attempt to assess the fee in the appellant. In describing the "operative property" it may be a better technical description could have been employed; but it is clear the assessment is not based on the theory that the property is owned by appellant, but that it has this property as part of its operative plant.

The record shows that the one hundred per cent. valuation on the interest of the plaintiff in this property was fixed at $7,000.00. It is not claimed that this was excessive in the sense that the property was not worth that much. The assessed valuation was on the basis of three-fourths of the value and it is not disputed this was the proper proportion at the time of the assessment. It is urged that the proper proportion of the tax paid, if prorated to this property would be $241.66 and we accept this as correct.

The court found in effect that the leasehold interest of the appellant was substantially equal to the value of the real property and plaintiff says this was improperly injected into the case. The court was not in error in considering this. If plaintiff is liable for taxes on this property he is liable for the value of his leasehold interest. The tax commissioner's office found the value to be substantially the value of the buildings used and there is nothing in the record to dispute this. The testimony shows the valuation of this leasehold interest to be $7,000.00 and it is not contradicted. The law under consideration provides for tentative assessment by the commissioner, notice to the company, final valuation by the State Board and otherwise safeguards the rights of appellant.

We do not agree with appellant in his construction of the record as to what was the intention of the assessment as gathered from the record. It may be the assessment of the property involved may have been too high; but such mistake can not be remedied in this action. The law provides other means for reduction of excessive assessment.

In the light of the foregoing it is not necessary to consider the other points raised. The judgment is affirmed.

Burke, Nuessle and Christianson, JJ., concur.

Moellring, J., did not participate.