[No. 20336.   In Bank. — October 29, 1887.]

## Ex parte L. McNALLY, on Habeas Corpus.

License — Selling Spirituous Liquors — Municipal Corporation. — Under section 11 of article 11 of the constitution, the city of Eureka has power to enact an ordinance imposing an annual license tax of two hundred dollars upon the business of selling spirituous liquors within the city limits, and to provide that a violation of the ordinance shall constitute a misdemeanor.

Application for a writ of *habeas corpus*. The facts are stated in the opinion.

*Horace L. Smith*, for Petitioner.

The ordinance is void because the amount of tax imposed exceeds the limit of the necessary and probable expense of issuing the license, and of inspecting and regulating the business of selling liquors. (Charter of Eureka, Stats. 1874–75, secs. 8–13; Cooley on Taxation, 408; Cooley on Const. Lim. 401; 1 Dillon on Mun. Corp., sec. 291; *In re Guerrero,* 69 Cal. 88.)

*J. H. G. Weaver*, for Respondent.

The common council had power to enact the ordinance. (*Los Angeles* v. *S. P. R. R. Co.,* 61 Cal. 60; *In re* ·

*Guerrero*, 69 Cal. 88; *San Jose* v. *S. J. & S. C. R. R. Co.*, 53 Cal. 475; *Ex parte McClain*, 61 Cal. 436; *Ex parte Mount*, 66 Cal. 448; Const., art. 11, secs. 11, 12.)

FOOTE, C. — The petitioner is a person carrying on the business of selling spirituous, malt, or fermented liquors or wines within the corporate limits of the city of Eureka, in this state.

He was convicted by a jury ·of a misdemeanor, for violating an ordinance of said city in refusing to pay a license to carry on his business, was fined by the court, and is in the custody of the sheriff, according to the sentence of that tribunal, for non-payment of his fine, and has sued out a writ of *habeas corpus* to obtain his liberty.

It is claimed on his behalf that the ordinance which imposed the license in question was in violation of some of the provisions of the state constitution, but with this contention we cannot agree.

In section 11, article 11, of that instrument, it is provided that "any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

There is no general law which conflicts with the ordinance. There is nothing in it which goes to show that in enacting and enforcing it the city authorities of Eureka exceeded their powers granted by that section of the constitution. The mere fact that the defendant was required to pay a license tax of fifty dollars per quarter, or two hundred dollars per year, does not demonstrate it. It does not otherwise appear but what that amount was necessary in order properly to regulate the business of liquor-selling, by confining it, perchance, to fewer and more responsible persons, or in some other way tending to the preservation and enforcement of good order and the general welfare of the inhabitants of that city.

Nor is there anything in the ordinance which is oppressive or unreasonable toward or prohibitory of the business of retailing spirituous liquors. (*Ex parte Wolters*, 65 Cal. 270; *In re Guerrero*, 69 Cal. 88–95, and cases cited.)

The writ should be dismissed, and the petitioner remanded to the custody of the sheriff.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the writ is dismissed, and petitioner remanded to the custody of the sheriff.