No. 14,101

A. A. BROWNE, SHERIFF, vs. J. C. SELSER & BROS.

106 691
q112 225
a112 228

SYLLABUS.

The license tax as imposed is uniform, as required by the Articles of the Constitution, Nos. 225 and 229.

The law-making power is not restricted in dividing trades and professions into classes and in assessing a license on the classes respectively, provided the classification be equal and uniform on all persons on the same class.

Prior interpretation of the constitutional meaning is accepted as correct. 40th Ann. 463 ; 40th Ann. 466.

A PPEAL from the First Justice's Court, Parish of Iberville.— *Cretin, J.*

*J. Hamilton Rills* for Plaintiff, Appellee.

*Thomas H. Thorpe,* and *Lozano & Herbert,* and *Gustave Lemle,* for Defendants, Appellants.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff, as tax collector, brought suit to recover a license tax, also penalties and costs from the defendant.   The statute plaintiff seeks to enforce provides that every retail dealer in pistols and cartridges shall pay a license tax of twenty-five dollars.

Defendants' contention is that Article 225 of the Constitution ordains that taxation shall be equal and uniform, and that license taxes be graduated.   They attack the statute 83 of 1900, under which plaintiff made his claim against them for a license, on the ground that it is repugnant to, and in conflict with, the articles of the Constitution, because, they contend, the tax is not equal and uniform, besides, because as relates to pistols and cartridges, it is not graduated.   With reference to equality and uniformity, defendants have not shown in what respect they have cause to complain.

The statute attacked has nothing about it at all discriminating in favor of any other article of commerce.   It is equal and uniform, and applies to all merchants who deal in pistols or pistol cartridges.   We will not dwell upon the policy which has evidently moved the legislator to select the business in pistols and cartridges for pistols as one which it was proper to tax.   It was made to bear the burden of special license taxation for reasons deemed proper.   It remains that other occupations and other articles are singled out and it has never been held that the licenses as to these were unequal and unfair because for special reasons they were placed in a class to themselves.

The question whether the statute attacked comes up to the requirement of the constitution as relates to the necessity of following a system of gradual license presents the difficulty in deciding.   We take it that the defendant directs his attack against the statute on the ground that Section No. 2 of Act 83 of 1900 is unconsitutional, because not graduated in accordance with the provisions of Article 229 of the

Constitution. The question of equality and uniformity, independently from the question of "graduation," forms but a small part, if any, of the issues presented by the defendant or considered in the discussion.

It is not quite so clear that the legislator has "graduated" the license. Were the question one of first impression in this court, it may be that our conclusion would be different. Special statutes have heretofore been decreed legal, although the license was not in a close sense graduated. In view of the broad meaning of the word "graduate," the interpretation has been heretofore quite liberal. Thus, in one of the cases decided, the court said: "The constitutional requirement relative to the graduating licenses, leaves it to the legislature to determine the method of graduation." (41 Ann. 329.) This court has said in another decision that "unless defendant can point out some provision of the constitution requiring that the tax shall be graduated in exact proportion to the amount of the business done, it is of no avail as an attack upon the constitutionality of the law." (State vs. Insurance Co., 40th An. 466.) The mode of graduating the license tax is not provided. (State vs. Chapman and Generelly, 35th Ann. 76.) In the case just cited, the statute attacked imposed a specific license of fifty dollars if the traveling clerk represented one house, and seventy if he represented two or more houses. The court held that the license was legal, for it was, the court said, the only practicable mode and was in compliance with the constitutional requirement. "Peddlers and transient dealers are commonly taxed a specific sum by the year because they are likely to escape any other."

If transient dealers representing one house are taxable for a license without reference to the business of the house, a fortiori the retail dealer in the business of selling pistol cartridges and pistols can be taxed when the business is classed as in this case with another class designated as wholesale dealers in.pistols and pistol cartridges. The question is in great part left to the legislative will. (State vs. O'Harra, 36th An. 25.)

The character of the business has been taken as a basis in fixing the amount of the license, in other cases the extent of the business, and in other cases the population of cities and towns in which the business is conducted. Ib.

The word "graduate" as used generally has broad meaning. It embraces steps, degrees, grades or intervals, that is, division into degrees, grades or intervals. The division here is by classification

into wholesale and retail merchants. The tax is graded or graduated by reference to wholesale or retail and falls within the very broad requirement of the Constitution, as heretofore interpreted.

"The only restriction placed upon the power by the constitution is that the license tax, likened in this respect to a tax on property, shall be equal and uniform on all persons." *Ib.*

We have seen that the license tax in this case is equal and uniform, and it falls within one of the degrees of grades of business designated as wholesale or retail. The term "graduate" is a term of extensive meaning. (State vs. Insurance Co., 40th An. 463.) "Who then is to determine what method of graduation shall be adopted? The constitution has expressly and distinctly confided this function to the General Assembly. The General Assembly has exercised it in the law before us." (State vs. Insurance Co., 40 An. 465.)

For these reasons the judgment appealed from is affirmed.

BLANCHARD, J. concurs in the decree.

Rehearing refused.