|137 583|
|f137 659|
|137 583|
|141 207|
|137 583|
|143 236|
|143 555|
|143 566|
|143 572|
|137 583|
|h149 768|
|f149 771|
|f149 785|
|l 149 786|

[Sac. No. 969.    Department One.—November 13, 1902.]

## CITY OF SONORA, Respondent, v. J. B. CURTIN, Appellant.

LICENSE TAX—BUSINESS OF ATTORNEY—POWER OF CITY TRUSTEES—REGULATION OF PRACTICE—POLICE POWER.—A board of city trustees, if it has statutory power, may impose an additional license tax for revenue upon the business of an attorney at law; but it has no power to regulate the practice of the law, nor to issue a license therefor under the police power.

ID.—IMPLIED REPEAL OF LICENSE FOR REVENUE.—Subdivision 10 of section 852 of the Municipal Incorporation Act of March 13, 1883, authorizing boards of trustees of municipalities of the sixth class to license every kind of business for revenue, was repealed by implication by section 3366 of the Political Code, added thereto March 23, 1901, limiting the power of legislative bodies of incorporated cities and towns to license business, in the exercise of their police powers, and for the purpose of regulation, *"and not otherwise."*

ID.—LOSS OF REMEDY UNDER PENAL ORDINANCE PENDING CIVIL ACTION. —Such repeal, without any saving clause, destroyed the remedy for the enforcement of a penal ordinance of a municipality of the sixth class, by civil action, provided for in the ordinance, to recover a license tax upon an attorney at law which he had refused to pay, with ten dollars penalty for such refusal, which action was pending and not reduced to judgment at the date of such repeal.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. Nicol, Judge.

The facts are stated in the opinion.

J. B. Curtin, *in pro per.,* J. C. Webster, J. P. O'Brien, A. A. Smith, and E. W. Holland, for Appellant.

Crittenden Hampton, for Respondent.

COOPER, C.—Plaintiff recovered judgment in a civil action against defendant for three dollars, the amount claimed to be due for refusing to take out a license, and for the further sum of ten dollars penalty and costs of suit.    Defendant appeals from the judgment.

On June 4, 1900, the board of Trustees of the city of Sonora passed an ordinance which contained the following provisions:—

"Section 1. Any person doing any business, or engaged in any pursuit hereinafter named, within the city of Sonora shall, before commencing such business or engaging in such pursuit, obtain from the city marshal a license therefor, and pay for the same at the following rates, viz.:— . . .

"Fifty-fourth—Every attorney at law shall pay a license of three dollars per quarter. . . .

"Section 6. All persons who shall transact or perform any business or calling in this ordinance specified, for which license is required, without such license duly signed, shall, upon conviction thereof before a court of competent jurisdiction, be fined in the sum of not less than ten dollars nor more than three hundred dollars, or be imprisoned not more than thirty days."

It was further provided in said ordinance that the license imposed thereunder shall be deemed a debt due the city of Sonora, and that the same may be recovered in a civil action in the name of the city, with the additional sum or penalty of ten dollars. Defendant was, at the time of the passage of the ordinance, an attorney at law, admitted and licensed to practice in all the courts of the state, and he was then engaged, and continued thereafter to be engaged, in the practice of the law in the city of Sonora within the territory covered by said ordinance. He neglected and refused to procure a license under said ordinance, or to pay the license tax imposed by its terms.

Plaintiff is a municipal corporation of the sixth class, incorporated under an act of the legislature entitled "An act to provide for the organization, incorporation, and government of municipal corporations," approved March 13, 1883, (Stats. 1883, p. 93). The authority for passing the ordinance is claimed under subdivision 10 of section 852 of the act, which was in force at the time of its passage, and which provides that boards of trustees of municipal corporations of the sixth class shall have power "to license, for purposes of regulation and revenue, all and every kind of business authorized by law and transacted or carried on in such city or town, . . . to fix the rates of license tax upon the same, and to provide for the

collection of the same by suit or otherwise.'' If it be conceded that the practice of law is a ''business authorized by law and transacted or carried on in such city or town,'' within the meaning of the statute, and that the provision, ''Every attorney at law shall pay a license of three dollars per quarter,'' is a provision for a license tax upon the business of practicing law, and not upon the person because he is an attorney at law, is it a license tax imposed for the purpose of revenue, or is it a regulation under the police powers of the town? It is well settled that a business or occupation may be taxed, under authority to tax for the purposes of revenue, and in such cases the tax is properly a license tax. A license in its proper sense is a permit to do business which could not be done without the license. It is evident that the license tax imposed by the ordinance in question is not a license in the sense of a permit to defendant to practice law, because he already has a license, and has paid the fee therefor, which permits him to practice law. Although a business, occupation, or profession may be thus licensed, by having a license issued which permits the business to be carried on, still it may, under a proper statute, be subject to an additional license tax. Now, the defendant here having obtained his license, which permits him to practice law, the ordinance in question could not take away that license or permit because of the refusal to pay the license tax. The ordinance, therefore, plainly by its terms imposed the charge as a license tax. It is called in the ordinance a license tax, and it is therein said the license tax shall be deemed a sum due the city. The tax was not imposed as a police regulation. A police regulation or restraint is for the purpose of preventing damage to the public or to third persons. There are certain lines of business and certain occupations which require police regulation because of their peculiar character, in order that harm may not come to the public or that the threatened danger may be averted. Where the profession or business is not dangerous to the public, either directly or indirectly, it cannot be subjected to any police regulation whatever which does not fall within the power of taxation for revenue.

If the board in this case had the power to issue the license as a police regulation, it would have the power to prohibit the defendant from practicing law without the license. There

is nothing about the practice of the profession of the law which makes the business dangerous to the public. It does not threaten the public health or safety, nor is it demoralizing to the public. It is one of the most honorable and learned professions, and its members are among the most conservative citizens in any community.

It is said by Judge Cooley in his work on Constitutional Limitations (6th ed., p. 744): "The general rule undoubtedly is, that any person is at liberty to pursue any lawful calling, and to do so in his own way, not encroaching upon the rights of others. This general right cannot be taken away. It is not competent, therefore, to forbid any person or class of persons, whether citizens or resident aliens, offering their services in lawful business, or to subject others to penalties for employing him."

In Tiedeman's Limitations of Police Power (p. 272 et seq.) the subject is thoroughly discussed, and the author says (p. 281): "It is therefore conclusive that a general requirement of a license for the pursuit of any business that is not dangerous to the public can only be justified as an exercise of the power of taxation, or the requirement of a compensation for the enjoyment of a privilege or franchise."

In *City of St. Paul* v. *Træger*, 25 Minn. 248,[1] it was held that an ordinance imposing a license tax upon farmers or gardeners selling vegetables on the streets was not within the police powers of the city authorities. In the opinion it is said: "The business itself is of a useful character, neither hurtful nor pernicious, but beneficial to society, and recognized as rightful and legitimate both at common law and by the general laws of the state."

In *State* v. *Bean*, 91 N. C. 558, the question as to the distinction between powers of taxation and police powers is discussed, and in speaking of police powers it is said: "These powers are granted for the purpose of enabling city and town authorities to preserve the peace and good order of the community, to provide for the sanitary condition, to establish markets and regulate them, to have supervision over the streets, and pass all ordinances for the administration of their internal affairs which are consistent with their charters, and not in contravention of the general laws of the state. And

[1] 33 Am. Rep. 462.

these ordinances may be enforced by penalties or fines and by criminal actions in cases where the courts have jurisdiction. But the power to tax for the purpose of revenue is not one of the functions of police power.''

In *San Francisco* v. *Liverpool etc. Ins. Co.*, 74 Cal. 113,[1] it was held that an act requiring the agents of foreign insurance companies doing business in California to pay to the treasurer of any county or city and county a certain proportion of the premiums is a charge imposed by the legislature for the purpose of revenue, and cannot be upheld as a valid regulation under the police power of the state.

The measures that are needful or appropriate to be taken by the legislative body of a municipality in the exercise of its police powers are largely left to the judgment and discretion of such body. In such case a wide discretion is necessarily vested in the legislative body, and courts will only interfere in a clear case, where the ordinance or statute has no real or substantial relation to those objects and the fundamental rights of the citizen assailed under the guise of a police regulation. In such case, where the right of the citizen to engage in a lawful business or follow a lawful profession is involved, the courts will interfere and determine whether the regulation or ordinance is a valid exercise of police power. (*Ex parte Tuttle*, 91 Cal. 591; *Ex parte Whitwell*, 98 Cal. 78.[2]) This ordinance could not have been passed under the power to regulate, for it is evident that the board of trustees has no power to regulate the practice of the law. It has no power to pass upon or inquire into the qualifications or character of persons who desire to practice law, nor to say where or in what courts they shall practice. The legislature has provided for examinations, and given the right to every citizen, or person who has declared his intention to become such, possessing the necessary qualifications as to learning and ability, to be admitted as an attorney and counselor at law, upon his producing satisfactory testimonials of a good moral character. It has further provided for the issuance of a license to the party found entitled to practice, upon the payment of a license fee of ten dollars, which entitles the party to practice in all the courts of the state. The attorney is an officer of the court where he practices. His qualifications are passed

[1] 5 Am. St. Rep. 425.                    [2] 35 Am. St. Rep. 152.

upon under laws enacted by the legislature, and his right to practice guaranteed by those laws. If he is dishonest in his practice, guilty of a felony, or violates his oath, he may be removed or suspended by the courts. The board of trustees of a city, therefore, cannot in any way or manner regulate the business or profession of practicing law. If it possessed any power to pass the ordinance in question it was under the power to license for the purposes of revenue. Since the ordinance was passed the legislature, by an act approved March 23, 1901, (Statutes and Amendments to the Codes, 1891, p. 635), added section 3366 to the Political Code, which, so far as material here, is as follows: "Boards of supervisors of the counties of this state, and the legislative bodies of the incorporated cities and towns therein, shall, in the exercise of their police powers, and for the purposes of regulation, as herein provided, and not otherwise, have power to license all and every kind of business not prohibited by law, and transacted and carried on within the limits of their respective jurisdictions . . . to fix the rates of license tax upon the same, and to provide for the collection of the same by suit or otherwise." . . .

The section of the act of 1883 herein quoted giving to the board of town trustees power to license for purposes of revenue is repealed by implication by said section 3366 of the Political Code. It declares and limits the power of the boards to license for the purpose of regulation in the exercise of their police powers. The words "not otherwise" are used to emphasize the meaning of the section.

It has been expressly so held in *Ex parte Pfirrman,* 134 Cal. 148. It is there said, in speaking of section 3366: "This language is too plain to be construed. It speaks for itself, and declares that boards of supervisors may issue licenses for the purpose of regulation alone." Therefore, the law under which the ordinance was passed fixing a license upon an attorney at law for the purposes of revenue must be held to be repealed. The ordinance is penal in its nature. It provides for a fine of not less than ten nor more than three hundred dollars for refusing to take out a license. It adds a penalty of ten dollars in each suit in addition to the amount of the license tax in case of civil action. The complaint seeks to recover the ten dollars in addition to the three dollars

claimed to be due for refusing to take out a license, and the conclusion of law from the findings is, that "There is due from the defendant to the plaintiff herein the sum of three dollars lawful money of the United States, and the further sum of ten dollars penalty, as in said ordinance made and provided."

The action is not to recover upon any contract obligation. If recovery can be had, it is upon the theory that defendant has violated the law. The violation of the law is measured in dollars, and the amount for its violation is authorized to be recovered in a civil action. The defendant does not owe for any license, because he refused to take out a license. The recovery is sought for his refusal. The authority under which the ordinance for revenue purposes was passed being repealed, the ordinance is repealed as to all such purposes, and must be regarded as if it never existed, except for the purposes of those actions which were commenced, prosecuted, and concluded while it was an existing law.

The ordinance here in question provided that the three dollars "together with the sum of ten dollars thereto added after the expiration of said ten days, shall become in each and every instance of delinquency, as aforesaid, the license tax as imposed by this ordinance."

The right is given by the ordinance to bring a civil suit to recover the amount so made a license tax. This civil remedy was created by the ordinance, and the remedy is repealed by the repeal of the ordinance as to revenue.

In speaking of the rule as to enforcements of rights under repealed statutes, Endlich on Interpretation of Statutes (sec. 480) says: "The same rule applies to rights and remedies founded solely upon statute, and to suits pending to enforce such remedies. If at the time the statute is repealed, the remedy has not been perfected or the right has not become vested, but still remains executory, they are gone."

The right given the plaintiff in this case, being penal in its nature, and the remedy created solely by statute, its enforcement is dependent upon the statute alone. It is still inchoate, and not reduced to possession nor perfected by final judgment. In such case the repeal of the statute destroys the remedy, unless the repealing statute contains a saving clause. (Sutherland on Statutory Construction, secs. 162, 163; End-

lich on Interpretation of Statutes, sec. 478, and note; *Spears v. County of Modoc,* 101 Cal. 303; *Anderson v. Byrnes,* 122 Cal. 273; *Napa State Hospital v. Flaherty,* 134 Cal. 315; *Ball v. Tolman,* 135 Cal. 375.[1]) There is no saving clause in section 3366 of the Political Code. Neither is the section unconstitutional, at least so far as here involved.

It will be sufficient to determine the constitutionality of the proviso at the latter part of the section to the effect that no license fee shall be collected from "commercial travelers whose business is limited to the goods, wares, and merchandise sold or dealt in in this state at wholesale," when such question is properly before us. If the proviso were conceded to be unconstitutional, it would not follow that the body of the section is so. The section was held constitutional as to all the objections therein urged against it in *Ex parte Pfirrman,* 134 Cal. 148.

We advise that the judgment be reversed and the action dismissed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the action dismissed.

Harrison, J., Garoutte, J., Van Dyke, J.