[Sac. No. 1219. In Bank.—October 1, 1906.]

## COUNTY OF SIERRA, Appellant, v. P. L. FLANIGAN, Respondent.

LICENSE TAXES—COUNTY ORDINANCE REPEALED BY LEGISLATION—CESSATION OF RIGHT OF ACTION.—Where a county ordinance imposing license taxes for revenue, adopted May 31, 1900, was repealed by the act of the legislature of March 23, 1901, adding section 3366 to the Political Code, allowing license taxes for the purpose of regulation and not otherwise, the right of action to enforce license taxes imposed under the ordinance ceased.

APPEAL from a judgment of the Superior Court of Sierra County. Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, W. I. Redding, District Attorney, and Frank R. Wehe, for Appellant.

The tax imposed in this instance was for regulation under the police power, and was sanctioned by the constitution (art. XI, sec. 11), as well as by the County Government Act

of 1897 and section 3366 of the Political Code, and is in harmony with the decisions of this court.

A. E. Cheney, Campbell, Metson & Campbell, Campbell, Metson & Drew, and Thomas H. Breeze, for Respondent.

The tax is on its face for revenue, and cannot be enforced by action. (*Placer County* v. *Whitney,* 2 Cal. App. 614, 84 Pac. 277; *Santa Monica* v. *Guidinger,* 137 Cal. 658, 70 Pac. 732; *Cache County* v. *Jensen,* 21 Utah, 207, 61 Pac. 303, 307; *Kiowa County* v. *Dunn,* 21 Colo. 185, 40 Pac. 357; *St. Paul* v. *Traeger,* 25 Minn. 248, 33 Am. Rep. 462; *City of Sonora* v. *Curtin,* 137 Cal. 583, 70 Pac. 674.)

SHAW, J.—This is an action to recover of the defendant certain license taxes alleged to have accrued and to be due and owing from him to the county of Sierra, under an ordinance adopted by the board of supervisors of the county on May 31, 1900.

Precisely the same ordinance was under consideration by the supreme court of the United States in *Flanigan* v. *County of Sierra,* 196 U. S. 557, [25 Sup. Ct. 314]. It was held by the supreme court of the United States in that case that the ordinance in question was repealed by the act of the legislature of California of March 23, 1901, adding section 3366 to the Political Code (Stats. 1901, p. 635), and that the repeal operated to prevent further collection of taxes previously accrued under the ordinance. The taxes for which this suit was begun accrued after the passage of the act of 1901, and there can be no doubt but that, under the decision, the right of action for the tax was terminated by the passage of the statute. The supreme court of the United States, upon this point, followed the decisions of this court in *Sonora* v. *Curtin,* 137 Cal. 583, [70 Pac. 674], and *Santa Monica* v. *Guidinger,* 137 Cal. 658, [70 Pac. 732]. Following the decisions in these cases, we hold that the plaintiff had no right of action to collect the tax sued for. The court below took the same view, sustained a demurrer to the complaint without leave to amend, and rendered judgment for the defendant thereon, and this action was correct.

The judgment is affirmed.

McFarland, J., Angellotti, J., Sloss, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.