[L. A. No. 1935.   Department One.—January 24, 1908.]

## CITY OF LOS ANGELES, Respondent, v. LOS ANGELES INDEPENDENT GAS COMPANY, Appellant.

Municipal Corporations—Los Angeles—License Tax on Business—Gradations of Tax—Discrimination.—The provision of the charter of the city of Los Angeles (Stats. 1889, p. 457), authorizing it to impose a license tax upon occupations, business, and trades, to raise revenue for the city, "provided that no discrimination shall be made between persons engaged in the same business, otherwise than by proportioning the tax upon any business to the amount of business done," does not require occupation taxes to be graded, in all cases, according to the amount of the business done. It forbids discrimination between persons engaged in the same business by the charging of a higher rate to one than to the other, in any case, except when it is done by grading the tax to the amount of the business, but it does not forbid the imposition of a uniform license tax upon all persons who engage in a particular calling.

Id.—Constitutional Law—License not Tax on Property.—A license tax upon the privilege or right to carry on a particular trade within a city is not a tax upon property, within the meaning of article XIII, section 1 of the constitution, declaring that all property "shall be taxed in proportion to its value, to be ascertained as provided by law," and that the word "property" includes "moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership."

Id.—Discrimination—Uniform Tax on Business.—A license tax imposing the same amount upon all engaged in the same business, regardless of business done, or the profits received therefrom, is not an unreasonable discrimination, although different persons in the business have much more capital employed and earn much more profit than others. Such uniform rate has always been recognized as a valid exercise of the taxing power.

Id.—Gas Business—Police Power—Taxing Power.—An ordinance of the city of Los Angeles, imposing a license tax of one hundred dollars per month upon every person, firm, or corporation, conducting, managing, or carrying on the business of manufacturing, selling, distributing or furnishing gas for light, heat or power, is an exercise of the taxing and not of the police power, and is not subject to the rule that penalties or fees exacted for permits issued under police regulations must bear some reasonable proportion to the expenses of regulating the business.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

H. M. Barstow, and Clara Shortridge Foltz, for Appellant.

Leslie R. Hewitt, Lewis R. Works, and W. B. Mathews, for Respondent.

SHAW, J.—This is a suit to recover license taxes imposed by an ordinance of the city of Los Angeles. The clause relating to defendant is as follows:—

"For every person, firm or corporation conducting, managing, or carrying on the business of manufacturing, selling, distributing, or furnishing gas for light, heat, or power, $100 per month."

The defendant claims that this clause of the ordinance is unconstitutional and void. The particular reason advanced in support of this claim is that the same sum is imposed upon every person, firm, or corporation, regardless of the extent, amount, or value of the business done, or the income thereof. It is alleged in the answer that there are but two companies engaged in the business in the city, that the value of defendant's property devoted to the business in the city does not exceed one hundred thousand dollars, that it distributes only fifty thousand cubic feet of gas each day, has only ten miles of street mains, and receives an income of only fifteen hundred dollars a month; whereas, the other company owns a plant in the city worth three million five hundred thousand dollars, including three hundred miles of street mains, distributes five million cubic feet of gas daily, and has a monthly income therefrom of one hundred and twenty-five thousand dollars. It is contended that this shows an unjust and unlawful discrimination against the defendant. The court below sustained a demurrer to this part of the answer and, upon the trial, refused to allow proof of the facts therein stated. The appeal is from the judgment.

The Los Angeles charter authorizes the city to impose a license tax upon occupations, business, and trades, to raise revenue for the city, qualifying the power by the following restriction: "Provided, that no discrimination shall be made between persons engaged in the same business, otherwise than by proportioning the tax upon any business to the amount of

business done." (Stats. 1889, p. 457.) This provision does not require occupation taxes to be graded, in all cases, according to the amount of the business done. It forbids discrimination between persons engaged in the same business,—that is, the charging of a higher rate to one than to the other,—in any case, except when it is done by grading the tax to the amount of the business. It does not forbid the imposition of a uniform license tax upon all persons who engage in a particular calling.

The constitution (art. XIII, sec. 1) declares that all property "shall be taxed in proportion to its value, to be ascertained as provided by law," and that the word "property" includes "moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership." If a license tax upon the privilege or right to carry on a particular trade within the city was a tax upon property, as here defined, it would be necessary, in order to lay a valid tax of that character, to provide some mode of ascertaining the value of the right of each person to carry on his particular business, and to tax it at the same rate and in the same manner as other property is taxed. In that case, it would also be necessary for the assessor to include all of this class of property in his general assessment, and the city council could not impose such a tax upon one occupation without also imposing it upon all occupations at the same rate, or percentage of value. The constitution is not to be so construed. The distinction between a license tax of this character and a tax upon property is well understood, and it is settled that "Occupation taxes are not property taxes and therefore are not subject to the restrictions imposed upon property taxation by statutes and constitutions." (21 Am. & Eng. Ency. of Law, p. 775.) This statement in the text is fully supported by a large number of cases cited in the footnote. In *People* v. *Naglee,* 1 Cal. 252, [52 Am. Dec. 312], in an elaborate discussion of a clause of the constitution of 1849, similar to that above quoted, the court said that it referred only to a direct tax upon property, and not to a license fee charged to persons following a particular trade or calling. The proposition that these constitutional provisions do not refer to license taxes was also stated and approved in *People* v. *McCreery,* 34 Cal. 448; *High* v. *Shoemaker,* 22 Cal. 369;

and *Ex parte Hurl*, 49 Cal. 559. (See, also, *People* v. *Martin*, 60 Cal. 155.) The tax in question is not contrary to the constitution in this particular.

We find no decision in this state directly holding that a license tax imposing the same amount upon all engaged in the same business, regardless of business done, or the profits received therefrom, is not an unreasonable discrimination, where it may appear that one or more persons in the business have . much more capital employed, and earn much more profit than others. But such uniform rate has always been recognized as a valid exercise of the power. Many cases have been before this court wherein the tax has been declared valid, although it was subject to the same objection here made. (*Los Angeles* v. *Southern Pacific Co.*, 61 Cal. 59, s. c. 67 Cal. 433, [7 Pac. 819]; *Ex parte McNally*, 73 Cal. 632, [15 Pac. 368]; *Merced County* v. *Helm*, 102 Cal. 166, [36 Pac. 399]; *Ventura County* v. *Clay*, 112 Cal. 67, [44 Pac. 488]; *Ex parte Seube*, 115 Cal. 631, [47 Pac. 596]; *Los Angeles* v. *Eikenberry*, 131 Cal. 464, [63 Pac. 766]; *Sonora* v. *Curtin*, 137 Cal. 584, [70 Pac. 674]; *Santa Monica* v. *Guidinger*, 137 Cal. 658, [70 Pac. 732]; *Ex parte Braun*, 141 Cal. 205, [74 Pac. 780].) In other states the question has been directly decided. In Nebraska the constitution and the statute required that local license taxes should be uniform. In *Magneau* v. *Fremont*, 30 Neb. 843, [27 Am. St. Rep. 436, 47 N. W. 280], in deciding this question, the court said: "The ordinance imposes a fixed sum upon each of the various avocations therein named. The fact that it does not classify each business and graduate the amount that shall be paid by the person pursuing an avocation according to the amount of the business he shall do, is not a violation of the rule of uniformity prescribed by both the constitution and statute. It is not an income tax, but a license fee or tax for the privilege of carrying on business in the city. The ordinance makes no exceptions in favor of or against any one carrying on the business taxed, but operates uniformly on the class to which it applies." The following cases are to the same effect: *Braun* v. *Chicago*, 110 Ill. 193; *St. Louis* v. *Sternberg*, 69 Mo. 301; *State* v. *Powell*, 100 N. C. 525, [6 S. E. 424]; *In re Butin*, 28 Tex. App. 304, [13 S. W. 10]; *Ex parte Williams*, 31 Tex. Crim. 262, [20 S. W. 582]; *Banta* v. *Chicago*, 172 Ill. 204, [50 N. E. 238]; *Stull* v. *De Mattos,*

23 Wash. 71, [62 Pac. 453] ; *Singer M. Co.* v. *Wright,* 97 Ga. 114, [25 S. E. 249] ; *Stewart* v. *Kehrer,* 115 Ga. 184, [41 S. E. 682] ; *Browne* v. *Selser,* 106 La. 691, [31 South. 290].

The tax here levied is not an exercise of the police power, but of the power of taxation, and the rule that penalties or fees exacted for permits issued under police regulations must bear some reasonable proportion to the expenses of regulating the business, is not applicable. The facts stated in the answer do not establish the proposition that the tax in question would be prohibitive or unduly oppressive. It would probably be fairer, where there are only a few persons engaged in a business of this character, to so graduate the tax in proportion to the amount of the business, that it shall approximate a just apportionment of the burden of taxation, but we cannot say that the fact that there is a difference between the volume of business done by the respective persons engaged therein is, of itself, evidence of such a discrimination in favor of the other company, or against the defendant, as to make the ordinance void. Similar differences must exist in every case, but they have never been held sufficient to invalidate the tax. The facts alleged constituted no defense and the offer to prove them was properly denied.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.