92 P.2d 985

**TOWN OF LAS CRUCES v. EL PASO COTTON INDUSTRIES, Inc., et al.**

**No. 4452.**

Supreme Court of New Mexico.

Aug. 2, 1939.

W. C. Whatley, of Las Cruces, for appellants.

J. B. Newell, of Las Cruces, for appellee.

BRICE, Justice.

This action was brought by the appellee, town of Las Cruces, to recover from each of the several appellants, occupation tax alleged to be due and payable under an ordinance passed, adopted and approved in 1929, entitled "An ordinance imposing an annual occupation tax upon enumerated persons, firms and corporations, and providing penalties and civil liabilities for failure to comply therewith," which ordinance, it is alleged, was enacted by authority of Secs. 90-501 to 90-510 inclusive, N.M.Sts.Ann.1929.

A demurrer to the complaint was overruled, and the appellants having refused to further plead; a judgment was entered against each for an amount equal to the occupation tax alleged to be due by it, a twenty-five percent. penalty thereon and one hundred dollars attorney's fees.

Section 90-501 authorized cities, towns and villages of New Mexico to impose an occupation tax on certain businesses therein specified "and * * * on all occupations, professions, trades, pursuits, corporations and other institutions and establishments, articles, utilities and commodities not heretofore enumerated of whatever name or character, like or unlike." It is further provided:

"In the cases of occupation taxes assessed under section 1 (90-501) of this act, such tax shall not exceed $1.00 per annum for each $1,000.00 gross volume per annum of business done except that a minimum tax of $5.00 may be levied hereunder and collected." Sec. 90-505, N.M.Sts.1929.

"For the purpose of assessing the occupation tax specified in section 5 (90-505) of this act the legislative or governing bodies of each city, town and village, shall at the first of each year fix the gross volume of business done for the purpose of taxation of each calling, profession, occupation, business or avocation, from the best information obtainable. It shall give notice to each individual, firm or corporation of the amount of such assessment, with at least five days notice of the time and place of a hearing of protest to the assessment so made. At such protest meeting such individual, firm or corporation may appear and protest the amount of such assessment, and present evidence before such governing body of the amount of gross business done. If said governing body is satisfied upon such evidence that the assessment is too high, they shall lower the same to the proper amount." Sec. 90-506, N.M.Sts.1929.

"The legislative or governing bodies of cities, towns and villages· shall have the power to provide, by ordinance not in conflict herewith, for the assessing and collecting of occupation taxes and licenses herein provided for, and shall have the power to provide for the penalty and punishment for the failure to comply therewith." Sec. 90-507, N.M.Sts.1929.

It is also provided that suit for the recovery of such taxes may be brought by the town in any court of competent jurisdiction, under such rules as it may by ordinance provide.

It does not appear from the complaint the character of business in which appellants were engaged in 1935 and 1936, nor whether an occupation tax was imposed thereon by the governing body of the town of Las Cruces; nor the rate of taxation, if in fact such tax was imposed; nor facts necessary to determine the amount of such tax, nor is the ordinance pleaded except by title; and we are unable to determine these and other facts we should ordinarily know to settle the issues. But it appears from appellants' brief that it is their desire to have certain legal questions settled, and to that end rest their case on the lack of legislative authority in the appellee to impose the tax at all, and we will so treat the case.

Ch. 73, N.M.L.1933, covering the same subject, attempted to repeal the statutes we have mentioned (Secs. 90-501 to 90-510), but the 1933 act, together with a similar one (Ch. 33 N.M.L.Sp.Sess.1934), were held to be unconstitutional by this court. Safeway Stores et al. v. Vigil et al., 40 N.M. 190, 57 P.2d 287.

It is contended by the appellee and apparently acquiesced in by· appellants, that the attempted repeal was ineffective because of the unconstitutionality of the repealing act. This we believe to be correct, as it does not appear that the original act would have been repealed except by the substitution of another act designed for the same purpose. State v. Candelaria, 28 N. M. 573, 215 P. 816; Mazurek v. Farmers' Mutual Fire Ins. Co., 320 Pa. 33, 181 A. 570, 102 A.L.R. 798 and annotation at page 802.

The unconstitutional acts were as inoperative as though they had never been passed. They did not repeal the existing law. Waters-Pierce Oil Co. v. Texas, 177 U.S. 28, 20 S.Ct. 518, 44 L.Ed. 657.

Secs. 90-501 to 90-510, N.M.Sts. 1929, were repealed by Ch. 145 N.M.L. 1937, an act covering the same subject; the repealing clause of which is as follows: "That Chapter 73 of the Session Laws of 1933 and Chapter 33 of the Special Session Laws of 1934 and all other laws or parts of laws in conflict herewith are hereby repealed, provided that this repeal shall not relieve any person, firm, corporation or business from the payment of any occupation tax or license heretofore *assessed and due* to any city, town or village or to the State of New Mexico."

The act of 1937 covers the whole subject-matter of the act of 1927 (Secs.

90-501 to 90-510) and was intended as a substitute for the earlier act and therefore repeals it. Ellis v. New Mexico Const. Co., 27 N.M. 312, 201 P. 487; State ex rel. County Com'rs v. Romero, 19 N.M. 1, 140 P. 1069; United States v. Tynen, 11 Wall. 88, 20 L.Ed. 153; Murphy v. Utter, 186 U. S. 95, 22 S.Ct. 776, 46 L.Ed. 1070.

It appears, therefore, that the statutes under which the appellee was authorized to impose occupation taxes were repealed on March 15, 1937, and they and the appellee's ordinance became ineffective on that date, except for the enforcement of the payment of occupation or license tax theretofore *assessed and due*. Sierra County v. Flanigan, 149 Cal. 770, 87 P. 801; Wheeler v. Plumas County, 149 Cal. 782, 87 P. 802; City of Sonora v. Curtin, 137 Cal. 583, 70 P. 674; Bradstreet Co. v. City of Jackson, 81 Miss. 233, 32 So. 999.

The question then is whether the tax which the appellee sought to recover in this suit had been assessed and was due prior to March 15, 1937.

The manner of assessing the tax is provided for in Sec. 90-506, which we have quoted in full. It is alleged in appellee's complaint that it made no attempt to collect occupation taxes from appellants during the years of 1935 and 1936; that each was notified of a meeting to hear protests to be held on November 15, 1937 and of the amount of tax due by him for the years of 1935 and 1936. That following the protest meeting, at which none of the appellants appeared, "the amount of taxes payable by each of said defendants *was deter-*

*mined* by said board, and each and all of said defendants were notified of said amounts, which they have failed to pay."

It was incumbent upon the appellee to allege and prove that the taxes sought to be collected from appellants had been assessed and were due, prior to March 15, 1937; as on that date the law and ordinance under which the city was authorized to impose such taxes became inoperative except in cases where assessments had theretofore been made and the taxes due. On and prior to that date the taxes had not been assessed, and necessarily they were not due.

The cause will be reversed with instructions to enter judgment for appellants.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.