STEWART *v.* KEHRER.

1. The specific tax, "upon all agents of packing-houses doing business in this State," which is levied by paragraph 19 of section 2 of the general tax act approved December 21, 1900 (Acts 1900, p. 21), is a vocation or occupation tax; and, construing together the various provisions of the act applicable to this tax, it is apparent that the act, in effect, declares that an agent representing a packing-house and carrying on its business in any county of this State is pursuing a vocation or occupation, and is himself doing business in this State, and is liable to the tax.

2. The word "agents," as used in this paragraph of the act, means managing or superintending agents, and includes every agent who is the alter ego of the principal by whom he is employed.

3. In imposing such tax upon such agents, the act in question is not violative of paragraph 1 of section 2 of article 7 of the constitution of this State, nor of the fourteenth amendment of the constitution of the United States.

4. The execution issued in the present case sufficiently described the business in which the plaintiff in error, from whom the tax in question was exacted, was engaged.

Argued February 19, — Decided April 3, 1902.

Rehearing denied April 21, 1902.

Complaint. Before Judge Reid. City court of Atlanta. June 22, 1901.

*Black & Jackson*, for plaintiff in error.
*Smith, Hammond & Smith*, contra.

FISH, J. On the 26th of February, 1901, A. P. Stewart, as tax-collector of Fulton county, issued an execution against F. E. Kehrer, for the sum of two hundred dollars, as " the amount of the specific tax due the State of Georgia, for the year 1901, for carrying on the business, in Fulton county, of agents of Nelson Morris & Co., a packing-house doing business in this State," and for a sufficient amount to cover interest upon said sum from January 2, 1901, and the further sum of the costs involved. Kehrer, under protest, paid the aggregate amount called for by the execution, and subsequently brought the present action against Stewart, to recover the sum thus paid. The defendant demurred to the plaintiff's petition, upon the ground that it set forth no cause of action. The court overruled this demurrer, and the defendant excepted. The question to be determined is, whether the plaintiff, taking the allegations of his petition to be true, was liable for the tax exacted of him by the tax-collector. The petition alleged that the tax in

question was exacted of the plaintiff under paragraph 19 of section 2 of the general tax act, approved December 21, 1900, which provided for the levy and collection of taxes for the support of the State government, and for other purposes expressed in its title, for each of the fiscal years 1901 and 1902; that said act provided for certain specific taxes for each of these fiscal years, among which specific taxes is the one provided for in the above-mentioned paragraph of the act, in the following words: "Upon all agents of packing-houses doing business in this State, two hundred dollars in each county where said business is carried on." It further alleged that "Nelson Morris & Co. is a copartnership composed of" named persons, " citizens of the State of Illinois;" that "A packing-house is a place where the business of slaughtering animals and dressing and preparing the products of their carcasses for food and other commercial purposes is carried on;" that "Nelson Morris & Co. do not anywhere within the State of Georgia slaughter, dress, cure, pack, or manufacture products of any animals for food or commercial use;" but "they have in the city of Atlanta, said county, a place of business where at wholesale they sell fresh, cured, and salt meats and the products that have been manufactured from the carcasses of slaughtered animals, and in said State and county conduct no other kind of business;" that at this place of business " there are eleven employees," including the plaintiff, each of whom "is only a clerk and employee of said Nelson Morris & Co. at Atlanta," and neither of whom "has any interest in said business other than that of paid employees;" that, " on or about the 16th of June, 1900," the plaintiff "accepted employment with said Nelson Morris & Co., at Atlanta, Ga., his employment being fixed for no definite term, the agreement being that he was to be paid at the rate of $25.00 per week for the time actually employed, and to be subject to be removed or discharged without notice;" and since that date plaintiff "has been employed by said firm at Atlanta, Ga., as their clerk and manager, and hopes to continue so employed during the year 1901." It was further alleged that " The issuance of said fi. fa. and all subsequent proceedings thereunder were and are without authority of law, and were and are null and void; that the said claim of $200, with interest and cost, against [plaintiff], was no lawful claim, petitioner owed no such tax, and there is no law requiring petitioner to pay said $200, with interest

and cost, or any part thereof, and said tax was exacted of [him] illegally and without authority of law;" that the provisions of the 19th section of the general tax act of December 21, 1901, are in conflict with the provision of the constitution of this State which requires that "All taxes shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws," and are also in conflict with the fourteenth amendment of the constitution of the United States.

1. The decision of this case turns upon the meaning of the words, "Upon all agents of packing-houses doing business in this State, two hundred dollars in each county where said business is carried on," as used in the general tax act for the years 1901 and 1902. In the first place, it is perfectly clear that the tax is not laid upon packing-houses, but is laid upon "agents of packing-houses." It is contended by the defendant in error that the words, " doing business in this State," and the words, "where said business is carried on," refer to the business of the packing-house, and not to the business of the agent of the packing-house, and, therefore, the tax is laid on the business of the packing-house. It is further contended that the petition shows that Nelson Morris & Co., the firm for which the defendant in error was agent, were not doing a packing-house business in this State. An elaborate and, in some respects, a forcible argument is made to show that an agent conducting business for another has no business of his own which he can be said to be carrying on, and that therefore the phrase, " doing business in this State," and the expression, "said business," must necessarily refer to the business of the principal. It does seem somewhat anomalous to speak of the business of one who, as agent, is really not conducting a business of his own, but the business of some one else; but it was within the power of the legislature to declare that one doing this very thing was himself carrying on business, and we think that is exactly what the General Assembly has done in this instance. We think it is clearly evident, from the general tax act of 1900, that the tax under consideration is a tax upon occupation or vocation, one to be paid for the right or privilege of engaging in such occupation or vocation; and that the expressions, "doing business," and " business is carried on," refer to the exercise of the vo-

cation of a packing-house agent. If this is not clear from the wording of the paragraph which we are considering, it becomes clear when such paragraph is considered in connection with subsequent provisions of the act, in reference to the specific tax in question. Section 4 of the act provides that the taxes levied in numerous paragraphs of section 2, including paragraph 19, "shall be paid in full, for the fiscal years for which they are levied, to the tax-collectors of the counties where such *vocations* are carried on, *at the time of commencing to do business specified in said paragraphs;* and that "before any person taxed" by these paragraphs "shall be authorized to carry on said business, they shall go before the ordinary of the county in which they propose to do business and pay their taxes to the tax-collector." Owing to a hiatus in this section of the act of 1900, as compared with the same section in the act of 1898, the purpose for which the "person taxed" is required to go before the ordinary does not appear in the later act. The object of this requirement is shown by the act of 1898 to be, to "register their names [and] places of business." As this section is otherwise the same in both acts, we think the purpose of the General Assembly was the same in both instances.

From section 4 of the act it is apparent that the tax is a vocation tax, and that it is to be paid to the tax-collector of the county where such vocation is carried on. As the tax is laid upon "agents of packing-houses," it is evident that, relatively to this particular tax, the vocations referred to are the vocations of those who are required to pay the tax, that is, "agents of packing-houses"; and that when such an agent does business for his principal in any county of this State, he is carrying on in that county the vocation of a packing-house agent. The agent of the packing-house shall pay the tax "at the time of commencing to do business." It seems manifest that the word "business" here refers to the business of the agent, and not that of the principal, for it is the agent and not the principal who shall pay the tax "at the time of commencing to do business." Again, "before *any person taxed*" by this paragraph "shall be authorized *to carry on said business, they* shall go before the ordinary of the county in which *they propose to do business* and pay *their* taxes to the tax-collector." Clearly the word "business" here does not refer to the business of the packing-house, for it is not the packing-house, but the "person taxed," that is the agent, who,

upon complying with the requirements of the statute, " shall be authorized to carry on said business," and who shall "go before the ordinary of the county in which *they propose to do business* and pay *their taxes* to the tax-collector." When the provisions of the act applicable to the question under consideration are construed together, we think it is quite evident that the word "business," as used in the paragraph which levies a tax "upon all agents of packing-houses," refers to and means the business of the packing-house agent; and that one exercising the vocation of such an agent is "doing business" within the meaning of the act. Counsel for the defendant in error contend that, from the petition, it appears that Nelson Morris & Co. do not carry on a packing-house business in Georgia. The petition does not allege that this firm is not a packing-house, and therefore it is to be presumed that it is properly described as such in the execution. The allegation that the firm does not carry on a packing-house business at Atlanta or elsewhere in this State is deprived of its force by the definition which the petition gives of a packing-house and the allegation in reference to the kind of business which Nelson Morris & Co. carry on in the city of Atlanta. It is a matter of common knowledge that a part of the business of a packing-house consists in the sale of the products which it prepares for this purpose. The petition states that these products are prepared for "commercial purposes"; and the consummation of such purposes by the sale of the prepared products is as much a part of the business of the packing-house as is the preparation of the products. It would be sticking in the bark to hold that a firm is doing a packing-house business when it is engaged in " slaughtering animals and dressing and preparing the products of their carcasses for food and other commercial purposes," but is not carrying on a packing-house business when it is selling "fresh, cured, and salt meats" and other "products" that it has "manufactured from the carcasses of slaughtered animals" for this purpose.

2. Another contention of the learned counsel for the defendant in error is, that if Kehrer is an agent of Nelson Morris & Co., then every other employee of that firm, connected in any way with the business which it conducts in the city of Atlanta, is also its agent and liable to this specific tax, and therefore the tax is unconstitutional, "because so arbitrary, unreasonable, and unjust as to amount to prohibition." While it is true that every employee of a packing-

house, from the highest to the lowest, may be, in a restricted sense and within the scope of his authority, its agent, one in speaking of the vocation or business of a mere bookkeeper, clerk, stenographer, or drayman, who happened to be in its employment, would hardly call· him "the agent of a packing-house." But it would· be perfectly natural to so designate the general manager, through whom a packing-house conducts its entire business in a given locality. That the word " agent" should be given the interpretation placed upon it in the second headnote seems to us perfectly apparent, for to hold otherwise would be to attribute to the General Assembly the utterly unreasonable purpose of imposing a specific tax of two hundred dollars upon every employee of a packing-house doing business in Georgia, without regard to the extent of his authority or the amount of his compensation. We think it, therefore, manifest that the purpose was to tax only one agent in each county, representing or conducting the business of a packing-house, and as only one, the managing or head agent, in charge of the business, was the one intended.

3. In imposing such tax upon such agents, the act in question is not violative of paragraph 1 of section 2 of article 7 of the constitution of this State. That paragraph of the constitution provides: " All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." The General Assembly of this State, in the imposition of specific taxes upon occupations, has the constitutional power to classify subjects for taxation, taxing some and omitting to tax others; and the principle of uniformity required by this paragraph of the constitution is not violated so long as a given tax is made uniform upon all individuals belonging to the particular class on which it is imposed. *Singer Manufacturing Co.* v. *Wright,* 97 *Ga.* 114, and cases therein cited. The legislature has the right to classify, and it has classified. It has created a new class of occupations to be taxed, viz., " agents of packing-houses," and has imposed an occupation tax upon all of that class. The tax is not violative of the fourteenth amendment of the constitution of the United States. It does not deny ·to any person " the equal protection of the laws," for all persons of the class, designated and described by the occupation in which they

are engaged, are subject to the same specific tax. An agent, of the character indicated in the second headnote, of a domestic packing-house would be just as liable to the tax as such an agent of a foreign packing-house. *Singer Manufacturing Co.* v. *Wright*, supra.

4. Counsel for the defendant in error seem to attach much importance to the fact that the word "agents" is used in that part of the execution which describes the business which Kehrer was carrying on, instead of the word "agent." We think the mere use of the plural, instead of the singular, noun in this connection immaterial, as the execution sufficiently described the business which the plaintiff in error, according to the showing made in his petition, was actually carrying on, viz., that of agent "of Nelson Morris & Co., a packing-house doing business in this State."

It follows from the foregoing that the court erred in overruling the demurrer to the plaintiff's petition.

*Judgment reversed.     All the Justices concurring, except Little and Lewis, JJ., absent.*