PEOPLE, PLAINTIFF AND APPELLEE, v. SUBIRÁ, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Violation of the Municipal Licenses Act.

No. 1356.—Decided July 8, 1919.

LICENSE—MUNICIPAL LICENSE—AGENT—STEAMSHIP COMPANY—CONSTITUTION.—
An agency for a steamship company carrying freight and passengers between
Porto Rico and the United States and also between ports of the Island must
pay to the municipality the license imposed upon an "agent with permanent
office," under group C, section 2 of Act No. 26 of 1914. Such an agency
in itself is an independent business. Furthermore, as the said statute makes
no unlawful distinctions, but is uniform and general, it is not contrary to
Article I, Section 8, Clause 3, of the Federal Constitution.

The facts are stated in the opinion.

Messrs. J. Tous Soto and Arturo Ortiz Toro for the ap-
pellant.

Mr. S. Mestre, Fiscal, for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The information charges the defendant with having. con-
ducted a business agency in a permanent office in the Playa
of Ponce without having obtained the municipal license re-
quired by law. The case was tried in the district court and
the defendant was convicted and sentenced to pay a fine of
five dollars. He appealed from that judgment to this court.

There is no question as to the facts. . It is admitted that
the defendant conducted the business agency and that he had
not paid the municipal license tax, but it is maintained that
as he transacted no business in his own name, but acted only
as agent for the freight and passenger service of the steam-
ship line doing business between Porto Rico and New York
known as the New York and Porto Rico Steamship Com-
pany, he was not obliged to pay any license tax because his
agency did not fall within the terms of the act regulating
the matter because, if it did, it would have to be concluded
that the act was contrary to Article I, section 8, clause 3, of
the Constitution, and, therefore, null and void.

1. The law applicable to the case is Act No. 26 of 1914 "Authorizing the municipalities of the Island of Porto Rico to levy and collect annual taxes to be used in meeting their budgetary expenses, and for other purposes."

The first section of the act empowers the municipal councils to levy and collect the taxes enumerated by the act at the rates therein prescribed "on and from every person, firm, association, partnership, corporation or other form whatsoever of commercial or industrial organization engaged in any of the businesses, or industries hereinafter mentioned."

The second section provides that "the businesses or industries upon which the taxes herein provided may be levied, shall be the following: * * * " and divides them into three groups. In the long list of businesses included in groups A and B steamship or marine transportation companies do not appear, but group C reads as follows: "The businesses of sugar and molasses mills, *brokers,* commission merchants, *agents with permanent offices* and real estate agents." (Italics ours).

The appellant maintains that as the business of marine transportation is not expressly mentioned in the act, agents with permanent offices engaged in that business cannot be considered as included in group C. The district attorney alleges that the agency is of itself an independent business, irrespective of whether or not the business done by it is mentioned in the act.

In our opinion the district attorney is right. *Stewart* v. *Kehrer,* 41 S. E. 680, 681, was for the collection of a tax imposed by a municipal ordinance on all agents of packing houses doing business in that state and the court held that the tax was levied upon the business of the agent, expressing itself as follows:

"An elaborate, and in some respects a forcible, argument is made to show that an agent conducting business for another has no business of his own which he can be said to be carrying on, and that,

therefore, the phrase 'doing business in this state' and the expression 'said business' must necessarily refer to the business of the principal. It does seem somewhat anomalous to speak of the business of one who, as agent, is really not conducting a business of his own, but the business of some one else; but it was within the power of the legislature to declare that one doing this very thing was himself carrying on business, and we think that is exactly what the general assembly has done in this instance.''

In *Mayor, etc., of City of Savannah* v. *Cooper*, 63 S. E. 141, involving a tax levied upon ''all agents and representatives of packing houses, and upon all agents and representatives of dealers in packing house goods or products having a place of business or stock of merchandise in the city of Savannah and selling to customers therein,'' the Supreme Court of Georgia said: ''With reference to the tax under consideration, it may be noticed that it is not imposed upon the packing house, but upon the business of the agent.''

The Legislature of Porto Rico considered that any person who conducts a permanent office for the purpose of acting as the agent of any commercial or industrial enterprise or combination is doing an independent business of his own and may be required to pay a license tax as a contribution to the expenses of the municipality like any other person who engages in any of the numerous businesses expressly mentioned in the act under groups A and B and also under group C of section 2 of Act No. 26 of 1914. For rating such tax only the volume of business done in the municipality is considered. And we know of no fundamental principle of law or equity, or constitutional prohibition, that prevents the legislature from enacting such a law.

2. In considering the second question raised by the appellant it should be observed that the steamship company which the defendant represents, besides transporting freight and passengers between ports of the island and those of the United States, is also engaged in carrying freight and passengers between the several ports of the Island of Porto Rico.

That is to say that together with its interstate business the company does an insular business. It should be noticed also that the statute is uniform and general and makes no unlawful distinctions.

This being so, the case is governed by the doctrine laid down by this court in the cases of *Ponce Lighter Company* v. *Municipality of Ponce et al.,* 19 P. R. R. 725, and *People* v. *Central Fortuna,* 22 P. R. R. 100.

"It is the duty of courts (we quote from the syllabus of the case first cited) to respect the will of the legislative power as expressed in its acts and a statute should never be declared null and void for unconstitutionality unless it is proven to be contrary to the Constitution beyond all reasonable doubt, and any doubt in this regard should be settled in favor of the validity of the law. The mere fact that a company is engaged in interstate commerce does not imply that it is not subject to a license tax to carry on said business, provided the law or ordinance which imposes said tax is uniform and establishes no prejudicial discrimination."

And if this is the case regarding a license tax imposed directly upon the company, it must be much more so when the tax is imposed upon the agent of the company, considering the agency as a business of itself.

It not having been shown that the act and ordinance referred to if applied to this case would tend to interfere with or obstruct interstate commerce, or would interfere with it in practice, there is no ground upon which to declare them unconstitutional.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.