EL PUEBLO, DEMANDANTE Y APELADO, *v.* SUBIRÁ, ACUSADO
Y APELANTE.

Apelación procedente de la Corte de Distrito de Ponce en
causa por infracción a la Ley de Patentes Municipales.

No. 1356.—Resuelto en julio 8, 1919.

PATENTES MUNICIPALES—CONTRIBUCIONES MUNICIPALES—AGENTES CON OFICINAS
PERMANENTES—CONSTITUCIÓN DE LOS ESTADOS UNIDOS—COMPAÑÍAS DE VAPO-

RES—NEGOCIOS SUJETOS AL PAGO DE PATENTES.—Una agencia para el ser-
vicio de carga y pasajeros de una compañía de vapores que trafica entre
Puerto Rico y los Estados Unidos y también entre puertos de la misma
isla, viene obligada a pagar al municipio la patente impuesta bajo el con-
cepto de "agente con oficina permanente" comprendido en el grupo "C,"
sección 2ª. de la Ley No. 26 de 1914. Tal agencia es en sí mismo un ne-
gocio independiente. Y además no estableciendo distinciones ilegales, dicho
estatuto, que es uniforme y de carácter general, no es contrario al artículo
1º., sección 8, cláusula 3 de la Constitución Federal.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. Tous Soto* y *Arturo Ortiz Toro.*

Abogado del apelado: *Sr. S. Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La denuncia imputa al acusado el hecho de tener abierta en la playa de Ponce una agencia de negocios con oficina per-
manente sin haber obtenido la patente municipal exigida por la ley. Celebrada la vista en la corte de distrito, se con-
denó al acusado a pagar una multa de cinco dólares, y, no conforme, apeló para ante este tribunal.

No hay disputa sobre los hechos. Se admite que el acu-
sado tenía abierta la agencia de negocios y que no había sa-
tisfecho la patente municipal, pero se sostiene que no dedi-
cándose a negocio alguno en nombre propio, sino actuando como agente para el exclusivo servicio de carga y pasajeros de la compañía de vapores que trafica entre Puerto Rico y Nueva York denominada "New York and Porto Rico Steam-
ship Company", no viene obligado a satisfacer patente al-
guna, primero, porque su agencia no está comprendida den-
tro de los términos de la ley sobre la materia, y segundo, porque en el caso de que lo estuviera, tendría que concluirse que la ley, aplicada al negocio del acusado, es contraria al artículo 1, sección 8, cláusula 3, de la Constitución Federal, y, por lo tanto, sin valor ni efecto.

1. La ley aplicable es la número 26, de 1914, promulgada "para autorizar a los municipios de la Isla de Puerto Rico

a imponer y cobrar, en concepto de patentes, una contribu·
ción anual para cubrir las atenciones de su presupuesto, y
para otros fines."

Por la sección primera de dicha ley se faculta a los con-
cejos municipales para imponer y cobrar las patentes que
la misma ley enumera y a los tipos que prescribe también
la misma ley, "a toda persona, firma, asociación, sociedad,
corporación u otra forma cualquiera de organización comer-
cial o industrial dedicada a cualquiera de los negocios o in-
dustrias que más adelante se mencionan."

La sección segunda expresa que "los negocios o indus-
trias sobre los cuales puede imponerse la patente, son los
siguientes: * * * " y los divide en tres grupos. En la
larga lista de negocios que comprenden los grupos A y B,
no aparecen, en verdad, las compañías navieras o de trans-
porte marítimo, pero el grupo C, dice así: "Las industrias
de molinos de azúcar y mieles y los *negocios* de corredores,
comerciantes comisionistas, *agentes con oficinas permanen-
tes,* y corredores de bienes raíces." Las itálicas son nuestras.

Se sostiene por el apelante que no mencionándose expre-
samente el negocio de transporte marítimo en la ley, los
agentes con oficinas permanentes dedicados a ese negocio,
no pueden considerarse comprendidos en el grupo C. El
fiscal alega que la agencia es en sí misma un negocio inde-
pendiente, irrespectivamente de si el negocio que se desen-
vuelve en ella está o no mencionado en la ley.

Tiene razón el fiscal, a nuestro juicio. En el caso de
*Stewart* v. *Kehrer,* 41 S. E. 680, 681, se trataba del cobro
de contribuciones impuestas por una ordenanza municipal
que exigía el pago de cierta licencia a todos los agentes de
compañías vendedoras de carnes en latas que hicieran nego-
cios en aquel estado. La corte decidió que la contribución
se imponía al negocio del agente, expresándose así:

"Se argumenta de manera elaborada, y en cierto modo forzada,
que un agente haciendo negocios para otro no tiene ningún negocio

propio que pudiera decirse que estuviera realizando, y que, por tanto, la frase 'haciendo negocios en· este estado' y la expresión 'dicho negocio' deben referirse necesariamente al negocio del· principal. Parece algo anómalo hablar del negocio de uno que, como agente, no está realmente haciendo un negocio propio, sino el negocio de alguna otra persona; pero estaba dentro del poder de la Legislatura declarar que una persona haciendo precisamente esto estaba ella misma haciendo negocios, y creemos que esto es exactamente lo que la Asamblea General ha hecho en este caso.''

Y en el caso de *Mayor, etc., of City of Savannah* v. *Cooper,* 63 S. E. 138, 141, en el que se trataba de una contribución impuesta ''a todos los agentes y representantes de casas vendedoras de carnes en latas y a todos los agentes y representantes de traficantes en mercancías de casas empacadoras que tengan un local de negocios ·o existencias de mercancías en esta ciudad y que vendan a sus parroquianos de Savannah'' la Corte Suprema de Georgia, dijo: ''Con referencia a la contribución que consideramos, debe tenerse en cuenta que no se impone a la casa empacadora, sino al negocio del agente.''

La Legislatura de Puerto Rico consideró que cualquier persona que abre una oficina permanente a los efectos de actuar como agente de cualquier empresa o combinación comercial o industrial, realiza un negocio independiente por sí mismo, y puede obligársele a satisfacer una patente a los efectos de contribuir al sostenimiento de las cargas municipales al igual que cualquiera otra persona que se dedica a alguno de los múltiples negocios que expresamente menciona la ley en los grupos A y B y en el mismo grupo C de la sección segunda de la Ley No. 26 de 1914. Para graduar dicha contribución se atiende al volumen de negocios realizados en el municipio solamente. Y no vemos que exista ningún principio fundamental de· ley o de equidad, ni prohibición constitucional alguna que impidan a la Legislatura proceder de tal modo.

2. A los efectos de estudiar y resolver la segunda cuestión suscitada por el apelante, debe hacerse constar que la compañía de vapores de la cual el acusado es agente además de conducir carga y pasajeros entre los puertos de la isla y los de los estados de la Unión, se dedica también al negocio de conducir carga y pasajeros entre los diversos puertos de la Isla de Puerto Rico. Quiere decir que la compañía al par que su negocio entre estados, realiza un negocio insular. Y debe hacerse constar además que el estatuto es general, uniforme y no establece distinciones ilegales.

Siendo esto así, el caso debe regirse por los principios establecidos por esta misma Corte Suprema en los casos de *Ponce Lighter Company* v. *El Municipio de Ponce,* 19 D. P. R. 760 y *El Pueblo* v. *Central Fortuna,* 22 D. P. R. 106.

"Es el deber de los tribunales", se expresa en el resumen del primero de los dos casos citados, "acatar la voluntad del poder legislativo expresada por medio de sus leyes y nunca debe ser declarada nula una ley por inconstitucional, a menos que se pruebe fuera de toda duda razonable que dicha ley es contraria a la Constitución, pero cualquier duda en ese sentido debe ser interpretada a favor de la validez de la ley. El mero hecho de que una compañía esté dedicada al comercio entre estados no impide el que esté sujeta al pago de contribución de patentes de industria y comercio por ejercer dicha industria o comercio, siempre y cuando que la ley u ordenanza que imponga dicha contribución sea uniforme y no establezca distinciones perjudiciales."

Y si esto es así, tratándose de una patente impuesta directamente a la compañía, mucho más tiene que serlo cuando se trata de una patente impuesta al agente de la compañía considerando la agencia como un negocio en sí mismo.

No habiéndose demostrado que la ley y ordenanza de que se trata aplicadas a este caso tengan la tendencia de intervenir con o de obstruir el comercio entre estados, o lo

obstaculicen en la práctica, no hay base para declararlas inconstitucionales.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.